# Leitzell *v.* The Delaware, Lackawanna & Western Railroad Company, Appellant.

*Negligence—Measure of damages—Cure by simple operation—Points for charge.*

1. In an action to recover damages for personal injuries evidence as to the probability of a cure of an otherwise permanent injury by means of a simple surgical operation is not to be received in mitigation of damages but as a proper method of showing the actual damages sustained.

2. In an action to recover damages for personal injuries, where the plaintiff alleged a permanent injury to his knee, and the defendant introduced evidence tending to show that the injury could be cured by a surgical operation to which a reasonably prudent man ought to submit, it was held that the court should have affirmed without qualification a point for defendant reading, "If the jury believe that the condition of the plaintiff can be relieved by a simple surgical operation which an ordinarily prudent man would undergo, such fact must be taken into consideration as an element which would reduce the amount of damages to which the plaintiff would otherwise be entitled," and

that it was error for the court to answer the point by saying, "The point is affirmed, providing the jury find that the proposed surgical operation is not a serious or dangerous one, and one that can be performed without any risk of failure or danger to the plaintiff. Otherwise, it is refused."

Argued April 13, 1911. Appeal, No. 60, Jan. T., 1911, by defendant, from judgment of C. P. Columbia Co., Dec. T., 1909, No. 86, on verdict for plaintiff in case of Melvin A. Leitzell v. The Delaware, Lackawanna & Western Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass for personal injuries. Before EVANS, P. J.

Plaintiff was injured on August 26, 1909, while working as a brakeman on a freight train of the defendant railroad through the breaking of a board cover on a sluiceway crossing under the tracks.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $7,000 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the court on points for charge, including the point quoted in the opinion of the Supreme Court.

*J. H. Oliver* and *H. M. Hinckley,* with them *A. C. Jackson* and *D. R. Reese,* for appellant.—The plaintiff in this case cannot recover for permanent injuries when the undisputed evidence is that he would in all probability be entirely cured by a simple surgical operation, and that the only risks in connection with such operation are the usual incidental risks present at every operation: Mattis v. Traction Co., 6 Pa. Dist. Rep. 94; Bailey v. Centerville, 108 Iowa, 20 (78 N. W. Repr. 831).

*Fred Ikeler,* with him *Clinton Herring,* for appellee.— The court properly submitted the character of the operation required and its probable results, to the jury: Kehoe v. Traction Co., 187 Pa. 474; Bailey v. Centerville, 108 Iowa, 10 (78 N. W. Repr. 831).

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

The only question raised by this appeal is as to the basis upon which the damages for the injury sustained by the plaintiff should be computed.  Evidence upon the part of the plaintiff was offered tending to show that the injury to his knee is permanent; and that it will be so unless a surgical operation be performed, was practically conceded.  Upon the part of the defendant, there was evidence tending to show that the injury could be cured by a surgical operation, to which a reasonably prudent man ought to submit; and it was contended that by reason of that fact, in estimating the amount of the damages, the injury should not be regarded as necessarily permanent. The theory of the defendant in this respect was formulated in the third point for charge presented by counsel, as follows: "If the jury believe that the condition of the plaintiff can be relieved, by a simple surgical operation, which an ordinarily prudent man would undergo, such facts must be taken into consideration as an element which would reduce the amount of damages to which the plaintiff would otherwise be entitled."  The trial judge answered this point by saying, "The point is affirmed, providing the jury find that the proposed surgical operation is not a serious or dangerous one, and one that can be performed without any risk of failure or danger to the plaintiff.  Otherwise, it is refused."  We think the point should have been affirmed without qualification.  It referred to "a simple surgical operation, which an ordinarily prudent man should undergo."  The answer ignored the feature as to what an ordinarily prudent man would do, and instructed the jury not to consider the matter unless they found that the proposed operation was not serious or dangerous, and could be performed without any risk of failure or danger to the plaintiff.  This we think was going too far. The plaintiff of course was entirely at liberty to refuse to submit to an operation, but if the effect of his refusal would be to retain permanently a condition which might be removed by a simple operation, which an ordinarily

prudent man would, under the circumstances, undergo, that matter should certainly be taken into consideration by the jury, in estimating the damages. No compensation should be allowed for damages that might reasonably be averted. In Watson on Damages for Personal Injuries (1904), sec. 184, the rule is stated as follows: "It is the duty of an individual injured by the wrongful act of another to exercise reasonable judgment and prudence in securing medical or surgical aid, if the injuries are of a nature to render such treatment necessary or expedient. And there can be no recovery of any damages resulting from a failure to comply with this rule."

Evidence as to the probability of a cure, by means of a simple operation is not to be received in mitigation of damages, but as a proper method of showing the actual damages sustained. If the plaintiff could be cured by an operation reasonably safe, and one which would commend itself to the judgment of a prudent man, the injury would certainly be less serious than one for which no hope of cure existed.

The trial judge relied upon the decision in Kehoe v. Traction Co., 187 Pa. 474, to sustain his ruling. But the points affirmed in that case related only to serious and critical operations, attended by risk of failure. They did not contemplate simple operations, which an ordinarily prudent man would undergo. That point does not seem to have been squarely raised or decided in the case last mentioned. The real point made was whether the charge was inadequate and misleading upon the questions involved in the third and fourth specifications of error, and it was decided that the charge was neither inadequate nor misleading.

In the present case, we think the defendant's third point presented a proper view of the law, and that it should have been affirmed without qualification.

The judgment is therefore reversed, with a venire facias de novo.