## Martin v. Pittsburgh Railways Company, Appellant.

*Negligence—Measure of damages—Surgical operation.*

In an action to recover damages for personal injuries where there is evidence that the injuries of plaintiff attributed to the accident would be permanent unless corrected by a serious surgical operation attended by some risk of failure, and it appears that plaintiff had already submitted to one operation, her refusal to undergo another in no way affects her right of recovery.

Argued October 29, 1912. Appeals, Nos. 111 and 112, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny County, Feb. T., 1909, No. 232, on verdict

for plaintiffs in case of H. A. Martin and Cora D. Martin, his wife, v. Pittsburgh Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for H. A. Martin for $2,800, and Cora D. Martin for $3,500. Defendant appealed.

The court charged in part as follows:

["There is a suggestion by some of the doctors that by an operation she can be brought to a normal condition. If that is true, the cost of that operation and something for pain and suffering, would be a matter for the future, with medical attendance; but it is a question whether she could get to a normal condition, whether an operation would bring her to that condition. Some of the doctors say she could reach that normal condition, and some say it is doubtful. She had one operation and that was a failure. She might have another, and it might be a failure or it might not. There is some doubt in the situation—but we do not say you cannot resolve that doubt one way or the other—you may.

If you find that she is not likely to be well, and that an operation will not bring her back to a normal condition, and for the future she will suffer pain and inconvenience, then how much will she likely suffer and for how long a period?"] (1)

*Error assigned,* inter alia, was (1) the above instruction to the jury, quoting it.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The instruction on the measure of damages was erroneous: Leitzell v. Railroad Co., 232 Pa. 475; Beck v. B. & O. R. R. Co.,

233 Pa. 344; Wilkinson v. North East Borough, 215 Pa. 486; McLane v. Pittsburg Railways Co., 230 Pa. 29.

*Rody P. Marshall*, with him *Thos. M. Marshall*, for appellee.—The instruction on the measure of damages was correct: Leitzell v. Del., L. & W. R. R. Co., 232 Pa. 475; Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369; Com. v. Razmus, 210 Pa. 609; Com. v. McManus, 143 Pa. 64; Follmer v. McGinley, 146 Pa. 517; McCloskey v. Bells Gapp R. R. Co., 156 Pa. 254; Fredericks v. Northern Central R. R. Co., 157 Pa. 103; Com. v. Zappe, 153 Pa. 498; Kehoe v. Traction Company, 187 Pa. 474; Vallo v. United States Express Company, 147 Pa. 404; Mattis v. Philadelphia Tract. Co., 19 Pa. C. C. R. 106; Chicago City Ry. Co. v. Saxby, 213 Ill. 274 (72 N. E. Repr. 755); Berry v. Greenville, 84 S. Carolina, 122 (65 S. E. Repr. 1030); Collins v. Council Bluffs, 32 Iowa 324; Fullerton v. Fordyce, 144 Mo. 519 (44 S. W. Repr. 1053).

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

H. A. Martin and Cora D. Martin, his wife, brought this action to recover damages alleged to have been suffered by them as a result of the negligence of the defendant company. The plaintiffs averred that on July 30, 1908, while Mrs. Martin was in the act of boarding an open summer car of the defendant company, it suddenly started and she was thrown back against its side; that she was pregnant at the time and a miscarriage occurred the following day. Her medical witnesses testified that she had had a miscarriage, that her womb was displaced and congested, that in their opinion these physical conditions were attributable to the accident as described by the plaintiffs and their witnesses, and that her injuries would be permanent unless corrected by a surgical operation. It appeared that the plaintiff had already submitted to one operation for the purpose

of having the womb placed in its normal position, but that it had not proved successful. The medical experts testified that if Mrs. Martin would go through another operation it would probably effect a permanent cure, but they all admitted that there was a percentage of failures in such cases.

The verdicts were for the plaintiffs, and the defendant has appealed. The only error assigned is the instructions to the jury on the effect of Mrs. Martin's refusal to submit to another operation. The appellant contends that the instructions were not so clear and explicit "that the jury would understand that if they believed from the testimony that a cure could be effected, the measure of damages would be the cost and expense of the necessary operation and compensation for pain and suffering." It is not necessary to determine whether or not the instructions are properly subject to this criticism, for Mrs. Martin had already suffered one operation in order to cure the womb trouble which resulted from the accident, and it is apparent from the testimony that the additional operation suggested by the medical experts for the defense was a serious one, attended with some risk of failure, and not a simple one; therefore her refusal to undergo it would in no sense affect her right of recovery. The rule laid down in Kehoe v. Traction Co., 187 Pa. 474, 485, concerning operations of the former nature would apply and not that referred to in Leitzell v. Delaware, Lackawanna & Western R. R. Co., 232 Pa. 475, governing simple operations. Taking the charge as a whole we do not see that the defendant suffered any harm from the manner in which the case was submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.