## Earle, Appellant, *v.* Wiley.

*Real property—Contract of conveyance—Deed—Bill in equity— Fraud—Evidence.*

Upon the trial of an action in equity to require the delivery of a deed executed by defendant and placed in escrow, it appeared that the defendant, a man seventy years of age and of defective hearing, was the owner of a tract of land worth about $9,000, and was induced by the agent of the plaintiffs to execute a deed to the same to the plaintiffs, for the sum of $400; that such land had been conveyed to the defendant at a tax sale in 1876, and that another tract was conveyed to him at a similar sale in 1880; that the deed presented by plaintiffs' agent to defendant for execution contained a description of the land acquired by defendant under the sale of 1876, but recited that the property conveyed was "the same piece of land deeded by the treasurer of Cameron County said State in the year 1880"; that the defendant relying on the representation of plaintiffs' agent executed the deed, under the impression that

he was conveying land acquired under the sale of 1880, and that although plaintiffs lived within seventy-five miles of defendant in Pennsylvania, they sent their agent to make the purchase from him while he was temporarily in another state, and when he did not have access to his deeds or title papers, from which he could have detected the error. The court dismissed the bill. *Held,* no error.

Argued March 16, 1914. Appeal, No. 137, Jan. T., 1913, by plaintiffs, from decree of C. P. Cameron Co., July T., 1910, No. 22, in equity, refusing prayers for delivery of a deed in case of Alice Pardee Earle, Calvin Pardee, Annie Pardee Allison, Israel P. Pardee, Barton Pardee, Frank Pardee, Bessie Pardee McKee, Edith Pardee, and Gertrude Pardee Keller, v. Grant S. Wiley and Jettie Wiley, Administrators of the Estate of Lyman Wiley, Deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for the delivery of a deed. Before HALL, P. J.

The opinion of the Supreme Court states the facts.

From the record it appeared that the deed in question had been executed by the defendant, conveying certain property to the plaintiffs, and had been deposited in a bank with a draft attached, under instructions to the bank to deliver the deed upon payment of the draft. Before the draft was paid the defendant recalled the deed. The court dismissed the bill. Plaintiffs appealed.

*Error assigned* was, among others, the decree of the court.

*W. C. Kress,* with him *B. F. Geary* and *Johnson and McNarney,* for appellants.

*Don M. Larrabee,* with him *Green & Felt,* and *Nicholas M. Edwards,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1914:

The learned chancellor was fully justified under his findings of fact, which are supported by the evidence, in refusing to grant the prayer of the bill and direct the defendants to deliver the deed in question to the plaintiffs. In his opinion he says: "In the present case so far as the evidence shows the defendant had a valid title to a tract of land worth about nine thousand dollars to which he was induced to make a deed for the sum of four hundred dollars. And in view of the fact that plaintiffs' manager, Burton Pardee, and their agent, Quigley, lived within seventy-five miles of the defendant in Pennsylvania and waited until he was in Indiana to attempt their negotiations and then represented the tract to have been purchased by the defendant from J. Henry Cochran, treasurer, instead of from John G. Bryan, treasurer, from whom he actually bought, gives color at least, whether it be true or not to the defendant's allegation of attempted sharp practice on the part of the plaintiffs, which we cannot ignore." The evidence fully warrants the finding that the price was grossly inadequate and that Wiley, a man of seventy years of age and of very defective hearing, was induced to execute the deed by fraud and misrepresentation of the plaintiffs' agent. There can be no doubt whatever, under the testimony in the case, that Quigley represented to Wiley that the tract he desired to purchase was the one Wiley had purchased from J. Henry Cochran, treasurer, and not the tract purchased by Wiley from John G. Bryan, treasurer. Wiley so testified and the deed itself confirms his testimony. It recites that the property conveyed is "the same piece of land deeded by the treasurer of Cameron County, said State, in the year 1880, deed given by J. Henry Cochran to Lyman Wiley at the time of sale, was assessed in the name of H. J. Robinson." That was the land Wiley purchased at a tax sale and was conveyed to him by J. Henry Cochran, treasurer, and which he intended to sell and which the deed would have conveyed

had not Quigley falsely represented that the land was contained in warrant No. 4987 which warrant was purchased by Wiley at a tax sale in 1876 and was conveyed to him by deed of John G. Bryan, treasurer. As pointed out by the learned chancellor, the plaintiffs, although living within seventy-five miles of the defendant in this State, sent their agent to make the purchase from the defendant while he was temporarily in the State of Indiana where he did not have access to his deeds or title papers by which he could detect the misrepresentation as to the number of the warrant which contained the land conveyed to him by the Cochran deed. A night's reflection aroused Wiley's suspicions as to the correctness of the number of the warrant inserted in the deed, and the next morning after he had delivered the deed to Burton, the cashier, he recalled it. His suspicions of Quigley's misrepresentations subsequently proved to be well grounded. It is clear, under the evidence, that Wiley never intended to sell the land conveyed to him by the Bryan deed and that the number of the warrant containing the land was inserted in the deed to the plaintiffs by reason of the fraud and misrepresentation of their agent. Equity will not enforce a contract procured by such means and under such circumstances.

The decree of the court below dismissing the bill at the costs of the plaintiffs is affirmed.