# Brown et al. *v.* Quaker City Cab Co., Appellant.

*Negligence — Trial — Reading portion of statement to jury—Waiver by exceptant.*

1. If the trial judge, of his own motion, reads material portions of plaintiff's statement to the jury or in their hearing, in a negligence case, without such portions being offered in evidence, in violation of the practice by which pleadings may properly become evidence, he may commit reversible error, but where the complaining party, by his acts, causes the pleadings to be otherwise brought to the attention of the jury, he will not thereafter be heard to complain if reference is made to them.

*Negligence—Damages—Excessive verdict—New trial.*

2. Where a verdict is so clearly beyond reason as to lead to the conclusion the amount must have been reached as a result of some misconception of law or evidence, if not partiality, prejudice or sympathy, it will be set aside as excessive.

3. But a verdict for $6,000 will not be disturbed, where the injuries to a woman are shown to be serious and permanent in character, requiring operations, and interfering with child birth.

*Practice, C. P.—Pleading—Statement of claim—Rule for more specific averment—Trial—Evidence.*

4. Where a statement of claim covers the injuries in language too general, defendant may rule for more specific averments and hold plaintiff to the injuries specifically set forth.

Argued March 22, 1922.   Appeal, No. 288, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1919, No. 1971, on verdict for plaintiff, in case of Marie G. Brown, a minor, by her father and next friend, Martin Brown, and Martin Brown, individually, v. Quaker City Cab Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BARRATT, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Marie G. Brown for $6,000 and for Martin Brown for $1,800.   Defendant appealed.

*Errors assigned* were (1) reading statement to jury, quoting record, and (2) refusal of new trial by court below, quoting order.

*Ward C. Henry,* with him *C. William Freed,* for appellant.—It is error for the court or counsel to read from the statement of claim in any case any portion thereof which is not properly in evidence in the case: Reese v. Hershey, 163 Pa. 253; Hollinger v. Rys., 225 Pa. 419; Brenisholtz v. R. R., 229 Pa. 88; Carothers v. Rys., 229 Pa. 558; Mullen v. Ins. Co., 182 Pa. 150.

*Thomas A. McNab,* for appellees.

OPINION BY MR. JUSTICE KEPHART, April 24, 1922:

Appellee, a passenger in appellant's taxicab, was injured on the night of November 21, 1919, through the carelessness of the driver in running into the girder of a bridge crossing some railroad tracks.   Liability for the injury is not denied, but appellant contends the court

erred in reading, in the hearing of the jury, a part of the statement of claim. This action of the trial judge resulted from a controversy precipitated by appellant in a statement made to the jury wherein counsel denied notice of serious injuries to plaintiff. No figures were mentioned by the court indicating the amount claimed, and the paragraph read merely described plaintiff's injuries. If it was harmful, appellant was solely responsible. While we find the record sustains the statement read, we have stated in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, 433, how the pleadings, or parts of them, may become evidence in a case. Had the court below, of its own motion, read material portions of the plaintiff's statement to the jury, or in their hearing, without being offered in evidence, it might offend against the rule announced in that case; but, where the complaining party, by his acts, causes the pleadings to be otherwise brought to the attention of the jury, he will not thereafter be heard to complain. The first assignment of error is dismissed.

Appellant urges the verdict is excessive, and the court should have granted a new trial. Where the evidence shows no justification for the award made, and it is so clearly beyond reason as to lead to the conclusion the amount must have been reached as a result of some misconception of law or evidence, if not partiality, prejudice or sympathy,—whatever the impelling motive,—if, under the circumstances, it is so out of proportion to the damages proven as to make necessary its being set aside as excessive, it will be so ordered: Gail v. City of Philadelphia, 273 Pa. 275.

The difficulty is, appellant permitted a physician, called as an expert witness, to testify to plaintiff's condition two and one-half years after the accident,— this, without any proper foundation as to causal connection for such testimony, and without objection either to it or the hypothetical question propounded. Under this evidence, the following physical results were

found to be due to the accident: Abscessed bone in the region of the mastoid bone of the right ear, an operation being necessary to relieve it; partial loss of the use of one of the hands, occasioned by a cut about two inches long (at the time of the examination, healed entirely); displacement or falling of the right ovary from its natural or normal place to the bottom of the pelvis, where it was held by adhesions, necessitating an operation. The removal of the ovary would be rather serious, and plaintiff's chances of becoming a mother would be diminished probably fifty per cent, if not more. The minor plaintiff was also anemic as a result of the injury. All of this evidence supporting these results stood unimpeached and without objection.

The jury found a verdict of $6,000. With the foregoing facts established, and we must accept them as true, the jury having so found, we could not say the verdict was excessive or founded on any other than a proper basis. The statement of claim covered these injuries in language most general. Defendant could have ruled for a more specific averment and held plaintiff to the injuries specifically set forth, but this was not done.

The judgment of the court below is affirmed.