# Potts et ux. *v.* Guthrie, Appellant.

*Appeals—New trials—Act of May 20, 1891, P. L. 101.*
1. The power of the Supreme Court to grant new trials under the Act of May 20, 1891, P. L. 101, is exceptional and will be exercised only in extreme cases to prevent palpable injustice.

*Practice, C. P.—New trial—Excessive verdict—Duty of court below.*
2. The duty of controlling verdicts so as to prevent injustice belongs emphatically to the trial court, and where the court is composed of three judges, it is their duty to sit together as a court in banc on the hearing of rules for new trials, as well those involving claims of excessive verdicts, as others.

*Negligence—Damages—Loss of fecundity—Verdict.*
3. The loss of fecundity by a woman is a proper element of damages in a personal injury case.

*Negligence—Damages—Reducing damages — Personal injury— Duty of plaintiff to submit to operation.*
4. An injured party should take reasonable steps to reduce the damages; if that may be done by a simple and safe surgical operation, a refusal to submit thereto should be considered by the jury in mitigation of damages, but that is not true where the surgical operation is serious and attended with grave danger.

*Negligence—Damages—Verdict—Excessive verdict.*
5. A verdict of $7,500 in favor of a married woman thirty-five years old and $1,200 for her husband in a damage case will not be set aside as excessive, where it appears that the woman received a

number of external wounds and bruises, one in the head requiring an operation, that she suffered a miscarriage, and as a result lost the power of child bearing.

Mr. Justice Schaffer dissented.

Argued December 3, 1924. Appeals, Nos. 62 and 63, from judgments of C. P. No. 2, Phila. Co., Dec. T., 1922, No. 380, on verdicts for plaintiffs in case of Ernest Potts and Eva Laura Potts v. Ludwig Guthrie, trading as L. Guthrie Motors Service. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries and injuries to automobile. Before Gordon, J.

The opinion of the Supreme Court states the facts.

Verdicts and judgments for Ernest Potts for $1,200 and for Eva Laura Potts for $7,500. Defendant appealed.

*Error assigned* was refusal of new trial, quoting motion and reasons but not order.

*Fletcher W. Stites,* for appellant.—The court has jurisdiction and power to send a record back where the verdict was excessive and not warranted by the facts: Smith v. Publishing Co., 178 Pa. 481; Gail v. Phila., 273 Pa. 275.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellees.—The amount of the verdict was proper: Sebring v. Telephone Co., 275 Pa. 131; O'Hanlon v. Rys. Co., 256 Pa. 394; Ford v. C. & I. Co., 262 Pa. 514; Scott v. Express Co., 257 Pa. 25; Begley v. R. R., 201 Pa. 84; Hertzberg v. Taxicab Co., 243 Pa. 541; Hitz v. Ry., 245 Pa. 7; Sullivan v. R. R., 272 Pa. 429; Willenpart v. Elevator Co., 269 Pa. 131.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

On the evening of October 7, 1922, Mrs. Potts, the wife plaintiff, while in an automobile with her husband and son, on a public street in Camden, New Jersey, was injured by one of defendant's autotrucks, under circumstances indicating negligence on part of its driver. For the damages sustained thereby, the plaintiffs brought this action; on the trial of which he recovered a verdict for $1,200 and she one for $7,500. Defendant moved for a new trial, alleging, inter alia, that the verdicts were excessive; and, from the trial court's refusal of the motion, brought these appeals.

The only error assigned is the refusal of a new trial, which appellant contends constituted a reversible abuse of discretion because of the excessive character of the verdicts. The power given this court to grant new trials under the Act of May 20, 1891, P. L. 101, is exceptional and will be exercised only in extreme cases to prevent palpable injustice: Scott, Admrx., v. American Exp. Co., 257 Pa. 25; O'Hanlon et al. v. Pittsburgh Rys. Co., 256 Pa. 394; Dunlap v. Pitts., B. & N. C. Ry. Co., 247 Pa. 230; Hitz v. Pittsburgh & B. St. Ry. Co., 245 Pa. 9; Hertzberg v. Pitts. Taxicab Co., 243 Pa. 540; Begley v. R. R. Co., 201 Pa. 84. To determine whether this case falls within the exceptional class, it is necessary to consider the injuries sustained. Plaintiffs' car had momentarily halted when it was struck by defendant's truck with such violence as to crush the side of the car and damage it to the extent of $200 and to throw the wife plaintiff to the floor of the car, inflicting a number of external wounds and bruises, one cut upon the head requiring surgical aid. She was about three months advanced in pregnancy and sustained such internal injuries as caused a miscarriage the same night, which confined her in bed for four weeks; during which time and as a result of the miscarriage an operation known as a curettement was performed upon her. She recovered and is in fairly good health, except at times nervous

and hysterical.  The miscarriage resulted in a displacement of her uterus, so as to prevent conception.  This condition can probably, but not certainly, be corrected by such a surgical operation as would keep the patient in bed for two weeks and more or less disabled for two or three months.  Mrs. Potts was about 35 years old when injured and the trial judge instructed the jury that the loss of child-bearing power was an element of damage proper for their consideration.  An injured party should take reasonable steps to reduce the damages; if that may be done by a simple and safe surgical operation, a refusal to submit thereto should be considered by the jury in mitigation of damages (Leitzell v. Del., L. & W. R. R. Co., 232 Pa. 475); but that is not true where the suggested operation is serious and attended with grave danger: Martin v. Pittsburgh Rys. Co., 238 Pa. 528; Kehoe v. Traction Co., 187 Pa. 474; and see Gibbs v. Almstrom, 145 Minn. 35, 11 A. L. R. 227, and note on page 230.  This is substantially what the trial judge instructed the jury.

After very careful consideration, we are unable to say Mrs. Potts's verdict was so manifestly excessive as to render the order of the trial court sustaining it a palpable abuse of discretion.  That the loss of fecundity is a proper element of damage in a personal injury case is undoubted (Brown et al. v. Quaker City Cab Co., 274 Pa. 289; Alabama, etc., R. R. Co. v. Hill, 93 Alabama 514, 30 Am. State Reports 65; Sutherland on Damages, 3d ed., vol. 4, p. 3611; 8 R. C. L. p. 470; 17 C. J. p. 843), but, under the circumstances, we do not agree with the trial judge that the entire verdict here could be sustained on that ground; there were, however, other elements of damage to which we have referred.

The duty of controlling verdicts so as to prevent injustice belongs emphatically to the trial court (Hollinger v. York Rys. Co., 225 Pa. 419, 426), and where as here that court is composed of three judges it is their duty to sit together as a court in banc on the hearing of

rules for new trials, as well those involving claims of excessive verdicts as others. We again call attention to this matter as we did in Gail v. Phila., 273 Pa. 275, 279. All that we there pointed out as correct practice may have been done in the instant case, but the record fails to show it.

The verdict in favor of Mr. Potts was not so unreasonable as to require comment.

The judgments are affirmed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

The size of verdicts which are being found in actions for damages for personal injury and death are becoming challenging in their proportions. Many of them would seem to embody the element of punishment in addition to compensation. The trial judge is as much a part of the tribunal created by the law to administer justice as is the jury and in cases of this kind he should be alert to see that sound judgment backs the finding of damages rather than feeling or prejudice. If he fails to bring wise judgment to the determination of this most important question, the court in banc should strike down awards which are more than fairly compensatory. Being of opinion that the findings for both husband and wife in this case were much in excess of what they are fairly entitled to, I dissent from the affirmance of the judgments.