JOHN CERO *vs.* MATTEO OYNESANDO *et al.*

JUNE 18, 1927.

PRESENT:   Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Trespass.   Damages.   Duty of Injured Party to Submit to Operation.*

Whether and to what extent a person shall submit his body to physical mutilation is so peculiarly personal that the law does not allow a jury or court to decide this for the individual; but, where the evidence shows that an operation such as an ordinary prudent and reasonable man would undergo would probably improve or cure plaintiff's condition, it can not be said that a continuance of the sightless condition of plaintiff is the natural and proximate cause of the injury inflicted by defendant.   In such

an event an award of damages based on the theory of permanent loss of sight would be excessive.

*2)   Trespass.   Damages.   Duty of Plaintiff to Undergo Operation.*

Where plaintiff's doctor had not advised an operation, and the medical witness for defendant could not guarantee cure or improvement although stating that under ideal conditions a large proportion of such operations were successful, and the propriety of an operation as bearing on the question of damages was presented to the jury in the charge, it cannot be said that the jury erred in evidently declining to diminish damages because of plaintiff's failure to undergo an operation.

*(3)   Trespass.   Damages.   Duty of Plaintiff to Undergo Operation.*

Where plaintiff's doctor had not advised an operation, defendant is not entitled to claim that plaintiff must accept or follow the advice of the particular surgeon offered by defendant. Such evidence as an aid in considering the actual damages sustained is proper but not conclusive.

*(4)   Trespass.   Damages.   Loss of Sight.*

Permanent loss of sight of one eye and consequent shrinkage in earning capacity in a laborer forty-three years of age is not excessively compensated by an award of $2,500, particularly if punitive damages may account for a portion of the award.

TRESPASS.   Heard on exceptions of defendant and overruled.

BARROWS, J.   In this case the jury found, the trial justice approved and, after reading the evidence, we think correctly, a verdict for plaintiff.

The action was assault and battery. Plaintiff, a laborer forty-three years of age, was struck over the eye with a hammer and the chief resultant injury was the development of a traumatic cataract in his right eye. Plaintiff lost no time from his work but suffered from bruises, contusions and deep scratches. Immediately after the assault plaintiff's right eye was badly inflamed and the next day he saw a doctor. He visited the doctor four or five times and about ten days after the affray the doctor observed an "opacity of the cornea" developing, which indicated the beginning of a traumatic cataract. Plaintiff began to wear glasses but did nothing further and at the time of the trial, a little over a year later, the sight of the right eye was "nil." Prior to the accident he had had no trouble with his sight.

All medical evidence is to the effect that the loss of sight will be permanent if no operation is performed.   The jury awarded $2,500 damages.

Apart from the claim that the verdict is against the evidence, which we have above disposed of, defendants take exception to the verdict as excessive, basing their claim on the contention that the preponderating evidence shows that an operation would probably restore the sight of the eye. There was no evidence that plaintiff had been advised prior to the trial that an operation might restore his sight.   His own doctor, who was not an eye specialist, said at the trial that sometimes an operation will restore sight in cases of traumatic cataract and sometimes not.   Whether an operation would improve plaintiff's condition, his own doctor said he did not feel competent to say.   Defendants' expert witness, an eye specialist, said that the prospects were that an operation would remedy plaintiff's condition and that ninety-eight per cent of such operations were successful in competent hands and under ideal conditions.   He did not know whether plaintiff's physical condition would stand the operation and   though   performed   without   other anæsthetic than cocaine, he admitted that it was a "very delicate operation" and would confine plaintiff to a hospital for about two weeks.   He said that he could not guarantee the result.

The court charged the jury, among other things, concerning damages, to "consider whether an operation more or less simple or more or less complicated would restore the sight of that eye."   To this charge no exception was taken and no additions were requested.

The question presented to us is whether we must say in the light of the evidence that the damages awarded were excessive because of probability of restoration of sight if plaintiff will submit to an operation.

It is the duty of a person injured, as was plaintiff, to use due care and diligence under the circumstances to effect the cure of his wounds and reduce the damages.   *O'Donnell* v.

*R. I. Co.*, 28 R. I. 245; *Potts* v. *Guthrie*, 127 Atl. 605 (Pa. 1925); 8 R. C. L. 448. In the *O'Donnell* case the court approved an instruction that if the jury thought that a reasonable person would submit to an operation then it was plaintiff's duty either so to do or to suffer the risk of having his recoverable damages diminished. This does not mean that the court or jury can lay it down as legal duty that an injured person must submit to an operation. *Powelson* v. *C. M. & St. P. Ry. Co.*, 263 So. W. 149 (Mo. 1924). Consultation with a competent doctor and following the prescribed treatment discharges plaintiff's duty to a tort feasor. *Stover* v. *Bluehill*, 51 Me. 439; *Loeser* v. *Humphrey*, 41 Ohio St. 378; *Birmingham R. L. & P. Co.* v. *Anderson*, 163 Ala. 72. Whether, and to what extent, a person shall submit his body to physical mutilation is so peculiarly personal that the law does not allow a jury or court to decide this for the individual. *Maroney* v. *Minn. & St. L. R. R.*, 123 Minn. 480; Cooley on Torts quoted in 17 C. J. 780, n. 80.

(1)

If, however, the evidence shows that an operation such as an ordinary prudent and reasonable man would undergo would probably improve or cure plaintiff's condition, it can not be said that a continuance of the sightless condition is the natural and proximate cause of the injury inflicted by defendants. Under such circumstances plaintiff, having available modern surgical science, may not be permitted to decline to take advantage of an opportunity to be cured or improved and charge the continuance of blindness to defendants. In such an event an award of damages based on the theory of permanent loss of sight would be excessive. *Lobban* v. *Wabash Ry. Co.*, 159 Mo. App. 464; *Whitson Lumber Co.* v. *Upchurch*, 198 Ky. 127. In the case at bar the propriety of an operation as bearing on the question of damages was presented to the jury, not perhaps as fully as might have been desirable but no request was made by defendants for further instructions. It is true that the eye specialist said that such operations were successful in ninety-eight per cent of the cases under ideal conditions but he

(2)

did not know whether plaintiff was in physical condition to undergo the operation and of course he could not guarantee ideal conditions, competency of the chosen operator or promise cure or improvement. Under such circumstances it was a fair question for the jury, whether plaintiff ought to undergo the operation or suffer his damages to be diminished. *Stewart Dry Goods Co.* v. *Boone*, 202 So. W. 489 (Ky.). The jury evidently declined to diminish plaintiff's damages because of his failure to undergo an operation and (3) we can not say that it erred. Plaintiff's doctor never had advised an operation and defendants are not entitled to claim that plaintiff must accept or follow the advice of the particular surgeon offered by defendants. *Blale* v. *3rd Ave. R. R. Co.*, 60 N. Y. Supp. 732. Plaintiff has never refused to undergo an operation and, even if he had, his damages may not be diminished by reason of such refusal when the operation is a major one and may or may not result in betterment. *Stokes* v. *Long*, 52 Mont. 470; *Martin* v. *Pittsburgh Ry. Co.*, 238 Pa. 528. In the instant case plaintiff has merely failed to do something which defendants' doctor alone has suggested as containing a probability of cure. Such evidence as an aid in considering the actual damages sustained is proper but not conclusive. *White* v. *Chicago and North Western R. R.*, 145 Iowa 408; *Leitzell* v. *Delaware & Lackawanna*, 232 Penn. 475.

(4) Permanent loss of sight of one eye and consequent shrinkage in earning capacity in a laborer forty-three years of age is not excessively compensated by an award of $2,500, particularly if, as here, punitive damages may account for a portion of the award.

The defendants' exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Alfred H. Lake, John R. Higgins*, for plaintiff.

*Michael J. Turano, DePasquale & Turano*, for defendants.