## DEAKTER v. MUTUAL LIFE. INS. CO.
### No. 8055.

District Court, W. D. Pennsylvania.

June 3, 1935.

Abraham Gratz, of Pittsburgh, Pa., for plaintiff.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action on an insurance policy to recover total and permanent disability benefits. The trial resulted in a verdict for the defendant. The plaintiff has moved for a new trial, alleging error on the part of the court, urging, first, that the verdict is contrary to law; that the court erred in permitting the defendant to cross-examine the plaintiff's doctor as to whether or not the disability could be removed by an operation; that the court erred in admitting evidence as to the work-activities after suit brought, and not affirming specifically the plaintiff's points.

We have carefully reviewed the testimony in this case and conclude there was no error. The disability complained of was hernia. There was a sharp dispute in the testimony as to the disability of the plaintiff. It therefore was a question for the jury to determine whether or not the hernia which was the only disability that

the plaintiff complained of was totally and permanently disabling. This issue, we think, was properly left to the jury. We could not, on the evidence, give binding instructions for either party. Next, concerning the cross-examination of Dr. Feldman, a witness for the plaintiff, as to whether this hernia could be removed by a simple operation, we think that cross-examination was proper as bearing on the permanency of the hernia and as testing the doctor's opinion of such permanency. At any rate, the plaintiff made no objection at the time of the trial to the cross-examination of this physician on this subject. As to the alleged error in failure to affirm plaintiff's points specifically, we see nothing in that.

 We believe we fully covered the law by general charge, and properly submitted this case to the jury. There is only one question for the jury to decide, and that question was: Is the plaintiff totally and permanently disabled, so that he cannot continuously follow a gainful occupation? We told the jury that the fact that he did some work after the disability did not entirely preclude the claim of total disability; he might possibly have worked when he was unable to do so, or at the risk of endangering his life and health; but that, however, if the work done was such as conclusively to negative the total and permanent disability, there could be no recovery.

We think these instructions adequately covered the case. Lumbra v. United States, 290 U. S. 551, 559, 54 S. Ct. 272, 78 L. Ed. 492, is authority for that proposition.

We also instructed the jury that if a simple operation could remove the disability, there could be no recovery. Witnesses offered by the defendant so testified, and said that even with the use of a brace, the plaintiff might have continuously followed his usual occupation with the hernia in its present condition.

The law on this subject is plain and supported by abundant authority: Finkelstein v. Metropolitan Life Insurance Co., 152 Misc. 439, 273 N. Y. S. 629; Sun Coal Co. v. Wilson, 147 Tenn. 118; 121, 245 S. W. 547; Strong v. Iron & Metal Co., 109 Kan. 117, 198 P. 182, 18 A. L. R. 415; Schiller v. B. & O. R. Co., 137 Md. 235, 112 A. 272; Equitable Life Assurance Society v. Singletary (C. C. A.) 71 F.(2d) 409; Leitzell v. D. L. & W. R. Co., 232 Pa.

475, 81 A. 543, 48 L. R. A. (N. S.) 114; McCaffrey v. Schwartz, 285 Pa. 561, 132 A. 810; Cody v. John Hancock Mutual Life Insurance Co., 111 W. Va. 518, 163 S. E. 4, 86 A. L. R. 354.

The motion for a new trial will be denied.