ÆTNA LIFE INSURANCE COMPANY *v.* SANDERS.

4-4262

Opinion delivered April 13, 1936.

*Owens & Ehrman,* for appellant.

*Gaughan, Sifford, Godwin & Gaughan,* for appellee.

JOHNSON, C. J. The facts of this case are not in material dispute and are to the following effect: On April 23, 1925, the appellant, Ætna Life Insurance Company issued to appellee, Herman E. Sanders, its policy of insurance whereby the insured was indemnified against total and permanent disability in the sum of $50 per month during such period of total and permanent disability. On November 12, 1930, the insured filed a claim with the insurer asserting that on August 9, 1930, he became totally and permanently disabled within the purview of his contract of insurance because of fistula and other ailments. This claim was approved by appellant and payments were regularly made by the company according to the terms of the policy until March, 1933, when payments were discontinued. Subsequent to the last-mentioned date, suit was instituted by appellee against appellant to recover past-due disability payments. This suit was settled between the parties and thereupon appellant resumed disability payments as provided for in

the contract and as agreed upon by the parties. As we understand this record, it is not contended that this settlement between the parties in any way impaired the insurance contract.

In the fall of 1934, appellee's attending physician recommended that he undergo a surgical operation for fistula, that he have his teeth extracted and that he have his tonsils removed. These operations were refused by appellee, or at least he refused to immediately submit thereto, and thereupon appellant declined to make additional payments for total and permanent disability. The present suit was instituted by appellee who recovered judgment in the trial as prayed, and this appeal is prosecuted by appellant to avoid future payments under the insurance contract.

But one question is presented for determination, namely: Can the insurer in an insurance contract, indemnifying against total and permanent disability, compel the insured to undergo surgical operations to correct physical conditions thought to be responsible for, or contributing to, total and permanent disability and, upon the insured's refusal to comply, discontinue payments under the contract although such contract does not expressly provide therefor?

Upon trial to a jury appellant requested and the trial court gave to the jury in charge the following instruction: "The court instructs the jury that if you find from the evidence that plaintiff is totally disabled within the meaning of the insurance policy, but that his disability could have been corrected by submitting to such treatment that a reasonably prudent man would have submitted himself, under all the circumstances, to correct his condition, and you further find that plaintiff failed and refused to use ordinary care to effect a recovery from his disability, then the plaintiff cannot recover after such time, that he would have been cured by the exercise of reasonable care to correct his condition."

This instruction was as favorable to appellant's defense as it had a right to demand or expect under the law. The contract of insurance which indemnifies appellee

against total and permanent disability does not, by express terms, require that appellee submit himself to surgical operations to correct contributing causes to total and permanent disability. In the absence of such express requirement in the contract, appellee's only duty under the law was to act as a reasonably prudent person in the premises, and the jury has found from conflicting testimony that he has done so.

The rule of general application seems to be that a person is not required to undergo a major surgical operation against his will for the purpose of freeing another from consequent damages; on the other hand a .simple minor surgical operation may be compelled only where a reasonably prudent person would submit thereto. 17 C. J. 779; *Texas & Pac. Ry. Co.* v. *Behymer,* 189 U. S. 468, 22 S. Ct. 622; *Williams* v. *Brooklyn,* 53 N. Y. S. 1007; *Leitzell* v. *Del. L. & W. Ry. Co.,* 232 Pa. 475, 81 Atl. 543, 48 L. R. A. (N. S.) 114; *Finkelstein* v. *Metropolitan Life Insurance Co.,* 273 N. Y. S. 629.

*Cody* v. *John Hancock Mutual Life Insurance Co.,* 111 W. Va. 518, 163 S. E. 4, 86 A. L. R. 354, and *Liberty Life Assurance Soc.* v. *Downs,* (Miss.) 112 So. 484, cited and relied upon by appellant are not in conflict with the views announced. In the Cody case, cited *supra,* the court said: ''The courts are in accord in the rule that in determining what constitutes reasonable or unreasonable refusal to submit to treatment, including minor surgical operations, to alleviate pain and suffering and improve one's condition, the facts of the particular case must govern.''

It appears from the authorities cited that in determining what constitutes reasonable or unreasonable refusal to submit to surgical operations to correct total and permanent disability each case must, of necessity rest upon its peculiar facts and circumstances, and when the jury has determined this issue on conflicting facts and circumstances its finding is conclusive on appeal.

Conceding that the necessary surgical operations upon appellee to restore his health are minor, as distinguished from major, in surgical parlance, it by no means follows that such minor operations are not dangerous to

life. Personal observation has many times demonstrated the converse, and we believe the sound rule which is supported by the great weight of American authority is that no surgical operations should be compelled as a matter of law and that the reasonableness or unreasonableness of such demand even in minor surgical operations should be ascertained and determined as a fact from all attendant facts and circumstances of each particular case as it arises.

The trial court's judgment conforming to the views here entertained must be affirmed.