Bartunek, Appellant, *v*. Koch.

Argued March 14, 1961. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*P. J. McArdle,* with him *Frank J. Kernan,* for appellant.

*Bliss R. Mentzer,* with him *Weis & Weis,* for appellee.

OPINION BY MR. JUSTICE BELL, May 22, 1961:

Plaintiff brought an action in trespass for personal injuries and recovered a verdict of $10,000. Plaintiff moved for a new trial on the ground of gross inadequacy of the verdict and erroneous instructions by the trial Judge. When the new trial was refused he took this appeal.

Plaintiff is 49 years of age. Plaintiff's doctor could not state definitely the cause or extent of plaintiff's injuries. It is unnecessary to detail the injuries, since the only material question on this appeal involves the question of whether a jury may, in determining damages, take into consideration the plaintiff's unwillingness to submit to a major operation on his knee—an operation which a prudent man would undergo but was feared by the plaintiff.

Plaintiff suffered a torn semilunar cartilage of the right knee. Prior to the accident plaintiff had arthritis and "joint mice" in his right knee. Plaintiff's doctor advised him right after the accident as well as thereafter to have the cartilage removed and stated that an operation would definitely help and correct or at least improve plaintiff's knee. Plaintiff testified that he was afraid to have the operation since he knew persons whose knees had been worsened by similar operations. Plaintiff's doctor further testified that the disability in plaintiff's right knee could have been caused either by

a semilunar cartilage involvement or the pre-existing osteo-arthritic condition and the "joint mice", or both; and that "it was pretty hard to say that trauma caused the injury."

The only material question in this appeal is whether the lower Court erred in charging the jury as follows: "If the jury believes that the condition of the plaintiff can be relieved by surgical operation on his knee, which an ordinarily prudent man would undergo, such fact must be taken into consideration as an element which would reduce the amount of damages to which the plaintiff would otherwise be entitled."

*Leitzell v. Delaware L. & W. R. Co.,* 232 Pa. 475, 478 (1911), is directly in point and supports the lower Court. In that case the Court said (pages 477-478): "The theory of the defendant in this respect was formulated in the third point for charge presented by counsel, as follows: 'If the jury believe that the condition of the plaintiff can be relieved, by a simple surgical operation, which an ordinarily prudent man would undergo, such facts must be taken into consideration as an element which would reduce the amount of damages to which the plaintiff would otherwise be entitled.' The trial judge answered this point by saying, 'The point is affirmed, providing the jury find that the proposed surgical operation is not a serious or dangerous one, and one that can be performed without any risk of failure or danger to the plaintiff. Otherwise, it is refused.' We think the point should have been *affirmed without qualification.** It referred to 'a simple surgical operation, which an ordinarily prudent man should undergo.' The answer ignored the feature as to what an ordinarily prudent man would do, and instructed the jury not to consider the matter unless they found that the proposed operation was not serious or dangerous,

---

* Italics throughout, ours.

and could be performed without any risk of failure or danger to the plaintiff. This we think was going too far. The plaintiff of course was entirely at liberty to refuse to submit to an operation, but if the effect of his refusal would be to retain permanently a condition which might be removed by a simple operation, which an ordinarily prudent man would, under the circumstances, undergo, that matter should certainly be taken into consideration by the jury, in estimating the damages. No compensation should be allowed for damages that might reasonably be averted."

*Vanormer v. Osborn Machine Co.*, 255 Pa. 47, 99 A. 161, was factually far stronger for plaintiff than the instant case, but the Court held that whether plaintiff should have submitted to a very serious operation in order to mitigate the damages was a question for the jury. That case is well summarized in the syllabus:

"5. In such case where plaintiff's eyes were damaged by the explosion and he was advised to have one eye removed, after it had become blind, in the hope of saving the other eye, but this was not done promptly so that ultimately both eyes were lost, the question whether he was entitled to recover for the loss of both eyes was properly submitted to the jury, in the absence of definite and clear evidence that earlier removal would have saved the second eye, under instructions that it was plaintiff's duty after the accident to do what a reasonable and prudent man would have done under like circumstances to alleviate his condition and mitigate the damages, and that his failure to do so would relieve the defendant from all additional damages resulting therefrom."

The test was again correctly stated in *Kehoe v. Traction Co.*, 187 Pa. 474, 41 A. 310, where the following point for charge was approved by the Court (page 485) : "(1) If they 'believe that the surgical operation, necessary to relieve or cure the plaintiff was a serious

or critical operation necessarily attended with some risk of failure, then the plaintiff was not bound in law to undergo a serious and critical surgical operation which would necessarily be attended with some risk of failure.' "

The Court distinguished the instant case from others where serious and critical operations attended by risk of failure were involved.

Judgment affirmed.