## Beazley v. Pierce

*Leo E. Gribbin, Jr.,* for plaintiff.
*Robert J. Stewart* and *Patricia A. Butler,* for defendant.

ERB, *J.*, September 11, 1981—This matter is before the court for disposition of defendant's, Richard L. Pierce, motion for summary judgment, which raises an issue involving the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. (hereinafter referred to as the act).

Plaintiff's, Bernard J. Beazley, complaint in trespass, alleges that on or about April 25, 1977, plaintiff and defendant were involved in a motor vehicle collision in which he suffered permanent, irreparable, and severe lacerations of the nose and forehead. Plaintiff requests non-economic damages for these injuries under the act. Defendant filed an answer and new matter asserting that plaintiff failed to meet the "threshold" requirements of section 301(a)(5) of the act. Specifically, defendant claims that the injuries complained of do not meet section 301(a)(5)(D) because plaintiff failed to undergo an available operation which would allegedly improve his appearance.

After the pleadings closed, defendant filed a motion for summary judgment on the grounds set forth in his new matter.

The Pennsylvania No-fault Motor Vehicle Insurance Act abolishes tort liability with respect to any injury arising out of the operation or maintenance of a motor vehicle within Pennsylvania. Section 301 of the act includes six exceptions to the general rule abolishing tort liability. Pertinent to this case is the exception in section 301(a)(5)(D), one of the so

called "thresholds," which states that: "(5) A person remains liable for damages for non-economic detriment if the accident results in: . . . (D) injury which in whole or in part consists of cosmetic disfigurement which is permanent, irreparable and severe."

The rules for granting a summary judgment are well established. Pa.R.C.P. 1035(b) provides in part:

" . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law."

In Bollinger v. Palmerton Area Com. Endeavor, Inc., 241 Pa. Superior Ct. 341, 361 A. 2d 676 (1976), the court, elaborating on the rule, stated at p. 350, and quoting from Toth v. Phila., 213 Pa. Superior Ct. 282, 285, 247 A. 2d 629, 631 (1968):

"'. . . The record must be examined in the light most favorable to the nonmoving party. . . . The court must accept as true all well-pleaded facts in the plaintiff's . . . pleadings, giving the plaintiff . . . the benefit of all reasonable inferences to be drawn therefrom . . . summary judgment should be granted only when the case is clear and free from doubt. . . .' Moreover, in passing upon a motion for summary judgment, 'it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. . . .'"

Resolution of this issue requires the court to first examine the meaning of the term "permanent, irreparable and severe" cosmetic disfigurement.

Research reveals no legislative history specifically concerning what these terms mean. Neither are there any reported cases in Pennsylvania that purport to define these terms. It is important to note that this case is different from the handful of cases where defendant challenged plaintiff's complaint as not meeting the requisites of section 301(a)(5). In these cases, the court dealt with the issue of what must be pleaded in the complaint and how it must be pleaded. Here, defendant does not challenge the complaint as deficient, rather he argues that what has been alleged by the plaintiff is insufficient, as a matter of law, to allow recovery under section 301(a)(5)(D).

As stated in Bromiley v. Collins, 1 D. & C. 3d 94 (1977), the announced purpose of the act, set forth in section 102(b), is to establish at reasonable cost a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims.

Section 301(a), however, recognizes that there are certain losses incurred by the victim that are not compensated for by the statute. The exceptions in section 301(a)(5) are of a kind in that they all represent injuries of a substantial and serious, nature. Clearly, something more is required than a scratch or temporary injury with no lasting effect.

A number of other jurisdictions have enacted similar "no-fault" auto insurance laws, which contain tort exceptions much like Pennsylvania's statute. Most of these statutes, in establishing this particular exception, use similar terms. For example, the Michigan Statute provides for "permanent, serious, disfigurement," 7 M.S.A. §65B.51, Subd. 3(b)(1); 17A Mich. Stats. Anno. §24.13135(1) (M.C.L.A., 500.3135(1)), and the New Jersey Statute provides for "permanent significant disfigurement," N.J.S.A. 39:6A-8.

One case has been reported, Falcone v. Branker,

135 N.J. Super. 137, 342 A. 2d 875 (1975), in which the court defines permanent, serious disfigurement. In this case, involving facial and leg scars, the court turned to Workmen's Compensation laws where similar language had long been in use. After setting aside considerations relevant only in the context of workmen's compensation, the New Jersey Court stated that under the terms used, the cosmetic disfigurement must be more than a trifling mark discoverable only on close inspection but must *substantially detract from the appearance of the person disfigured.* (Emphasis supplied.) Applying this standard to facial scars, the court went on to say that a facial scar has to mar the natural expression so as to attract attention.

Turning to The Pennsylvania Workman's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 513(22), provides compensation for: serious and permanent disfigurement . . . of such a character as to produce an unsightly appearance . . . ".

This language is similar to the language of the New Jersey Workman's Compensation laws dealt with in Falcone v. Branker, supra, emphasizing a disfigurement that substantially detracts from the appearance of a person. There is no apparent reason why this definition should not be applied to shed light on section 301(a)(5)(D) of the Pennsylvania No-fault Motor Vehicle Insurance Act, which addresses similar injury.

The key issue in this matter is whether the determination that an injury resulting in cosmetic disfigurement is permanent, severe and irreparable is for the court or for the jury. Defendant would seek to have this issue decided by the court. He argues that there is no disagreement between the parties as to what happened or that plaintiff has a facial scar resulting from the auto collision; how-

ever, he contends that plaintiff has not presented evidence or pleadings that rise to the legal standard imposed by section 301(a)(5)(D).

As we have stated, the act sets out certain exceptions to the general rule that tort liability is abolished; however, the act does not state, expressly or impliedly, that a plaintiff must prove severe, irreparable and permanent disfigurement to obtain a trial. These things must be proven to impose liability. They are elements of the cause of action which must be supported by evidence.

Turning again to the Workman's Compensation Act, the employe must prove, among other things, that his disfigurement is serious and permanent: 77 P.S. §513(22). In East Coast Shows v. Workmen's Compensation Appeal Board, 37 Pa. Commonwealth Ct. 312, 390 A. 2d 323 (1978), the court states that as to the requirement of showing permanence, the employe must present competent, medical evidence. Obviously then, the Appeal Board and the referee who initially hears the case must weigh the testimony. Clearly this is a function performed by juries in a trial setting.

In Bromiley v. Collins, supra, the court applies similar rationale to section 301(a)(5)(A) of the No-fault act. The court states that under section 301(a)(5)(A) plaintiff must allege, with specificity, the injuries sustained and that their serious nature is based on competent medical advice which will be produced at trial, or that the seriousness and permanency are self-evident. Clearly, the court envisioned that while the pleading requirements are stricter, the ultimate issue of the nature of the injuries is a fact issue for the jury.

This is not to say that the court cannot grant defendant's motion for summary judgment where the evidence before the court indicates that no reasonable man could conclude that the injuries are

permanent, irreparable and severe. That, however, is not the case here.

Defendant's sole contention is that plaintiff fails to meet the threshold of section 301(a)(5)(D) because he could undergo an operation that would make the scar not severe or irreparable. Plaintiff argues that there is no guarantee that the operation will improve his appearance at all. An examination of the deposition submitted of Dr. John J. Angelo indicates that there is an issue of fact that a jury must consider. Further, if plaintiff can eliminate or reduce this condition is a question of fact for the jury to consider in determining whether to find for defendant or reduce the award given: Bartunek v. Koch, 404 Pa. 1, 170 A. 2d 563 (1961); James v. Ferguson, 401 Pa. 92, 162 A. 2d 690 (1960).

In summary, we define "permanent, irreparable and severe" cosmetic disfigurement, under section 301(a)(5)(D) of the Pennsylvania No-fault Motor Vehicle Insurance Act, as a disfigurement which is more than a trifling mark discoverable only on close inspection, but which substantially detracts from the appearance of the person disfigured or mars the natural expression so as to attract embarassing attention. Whether an injury is permanent, irreparable and severe, as defined, is not so clear, in this case, that the court can remove it as an issue of fact for the jury. Finally, whether an operation may improve or reduce the disfigurement, to reduce or bar recovery is an issue of fact for the jury.

Having found that the pleadings and the record would support a determination for plaintiff, we enter the following

### ORDER

And now, September 11, 1981, defendant's, Richard L. Pierce, motion for summary judgment is refused and denied.