## Hitz *v.* Pittsburgh & Butler Street Railway Co., Appellant.

*Negligence—Street railways — Collision — Personal injuries— Damages—Excessive damages—Evidence—Loss of earning power —New trial—Act of May 20, 1891, P. L. 101.*

1. The power conferred by the Act of May 20, 1891, P. L. 101, upon the Supreme Court to reverse the judgment of the court below on the ground that damages awarded are excessive, will not be exercised except in extreme cases where the injustice of allowing an excessive verdict to stand is so manifest as to show a clear abuse of discretion by the trial court.

2. In an action against a street railway company to recover damages for personal injuries sustained in a collision of one of defendant's cars with a wagon on which the plaintiff was riding, it was not error for the court to refuse to grant a new trial on the ground that a verdict of $4,000 was excessive where it appeared that the plaintiff's head and back were injured in the collision; that he was unconscious for nearly an hour after the accident and had since suffered from constant headaches and insomnia; that the injuries to his head had seriously impaired the sight of one eye, and the removal of the eye might be necessary; and that the injury to his back so weakened it that he was unable to do more than half the work he did before, or to do heavy work of any kind, it further appearing that plaintiff had suffered considerable pain, suffering and inconvenience, which was likely to continue in the future.

Argued March 10, 1914. Appeal, No. 2, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 636, on verdict for plaintiff in case of Jacob Hitz v. Pittsburgh & Butler Street Railway Company, a Corporation. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.   Before BROWN, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,000 and judgment thereon.

The court refused defendant's motion for new trial. Defendant appealed.

*Error assigned* was in refusing motion for new trial.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellee.

PER CURIAM, March 30, 1914:

In a collision of the defendant's car with a wagon on which the plaintiff was riding, his head and back were injured.   He was unconscious for nearly an hour and has since suffered from constant headaches and insomnia. The injury to his head seriously impaired the sight of one eye and the testimony tended to show that it may be necessary either to remove the eye or to wear a patch over it to exclude the light.   The injury to his back has so weakened it that he is unable to do more than half the work he before did or to do heavy work of any kind. He had not incurred expenses for medical attendance and he had lost nothing in wages.   He had been employed as a farm laborer by the same person for eighteen years before his injury and has since continued to receive the same wages although his service was worth only half as much.   The amount of wages received was not however shown.

It is conceded that the case was for the jury and no exception was taken to the rulings of the court on the evidence or to the charge.   The only question presented by the assignment of error is whether a new trial should have been granted because the verdict of $4,000 was excessive.   While there was no proof of expenses incurred

or of the amount of wages paid by which the loss in earning power could be determined, there remained as elements to be considered and allowed for, pain, suffering and inconvenience endured and likely to be endured in the future. These were the elements of damage submitted to the jury and we are not persuaded that its verdict was excessive. It was certainly not so excessive that the court can be charged with error in allowing it to stand and there is no ground for our interference with it. The power conferred by the Act of May 20, 1891, P. L. 101, has been exercised but once, Smith v. Times Publishing Co., 178 Pa. 481, and it has been repeatedly said that it will not be exercised except in extreme cases where the injustice of allowing an excessive verdict to stand is so manifest as to show a clear abuse of discretion by the trial court. Harrisburg, Carlisle & Chambersburg Turnpike Road Co. v. Cumberland County, 225 Pa. 467.

The judgment is affirmed.