## Dunlap *v*. Pittsburgh, Harmony, Butler & New Castle Railway Company, Appellant.

*Negligence—Personal injuries—Excessive damages—Refusal of new trial—Appeals—Act of May 20, 1891, P. L. 101.*

The exceptional power conferred upon an appellate court by the Act of May 20, 1891, P. L. 101, to reverse the action of the lower court refusing a new trial, where it is alleged that the verdict was excessive, will be exercised only in cases of clear abuse of judicial discretion.

Argued Oct. 9, 1914. Appeal, No. 54, Oct. T., 1914, by defendant, from judgment of C. P. Beaver Co., June T., 1912, No. 230, on verdict for plaintiff in case of Sophie Dunlap v. Pittsburgh, Harmony, Butler & New Castle Railway Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,500 which the court subsequently reduced to $5,000, on which judgment was entered. Defendant appealed.

*Error assigned* was in refusing a new trial.

*J. Sharp Wilson,* with him *Frank E. Reader,* for appellant.

*J. H. Cunningham,* with him *Anderson & Lamb,* for appellee.

PER CURIAM, January 2, 1915:

The plaintiff was injured by the derailment and overturning of the railway car in which she was riding as a passenger. Her injuries were painful and resulted in

the permanent impairment of the use of her arm and hand. She recovered a verdict for $6,500 which was reduced by the filing of a remittitur to $5,000. There were no exceptions taken at the trial to the admission or to the rejection of testimony or to the charge and the only assignment of error is to the refusal of the court to grant a new trial because the verdict was excessive. Whether the amount for which the judgment was entered exceeds the limit of just compensation we have not adequate means to determine. The learned trial judge on a review of the whole case made an order for the filing of a remittitur as a condition for the discharge of the rule for a new trial, which in his judgment did substantial justice between the parties.

The exceptional power conferred on an appellate court by the Act of May 20, 1891, P. L. 101, has been exercised by us only in Smith v. Times Publishing Company, 178 Pa. 481, decided six years after the passage of the act, and we have said in a line of cases, extending from Wolf v. Traction Co., 181 Pa. 399, to Hitz v. Railway Co., 245 Pa. 7, that it will not be exercised except in extreme cases where the injustice of allowing a verdict to stand is so manifest as to show a clear abuse of discretion by the court in which the case was tried.

The judgment is affirmed.