# Commonwealth *v.* Emmett, Appellant.

*Criminal law—Practice, O. & T.—Continuance—Appeal.*

An application for continuance of a trial on an indictment for arson, because of the illness of defendant's wife, is addressed to the discretion of the trial court. Upon an appeal, where refusal of such an application is assigned as error, the question is not whether the appellate court would reach the same conclusion on the evidence, but whether there is any evidence to support the conclusion of the

trial judge.  Where there is such evidence the assignment of error will be overruled.

*Criminal law—Evidence—Testimony of an accomplice—Practice, O. & T.—Charge of the court—Adequacy—Question on appeal.*

It is the practice of courts to admonish the jury of the danger of a conviction on the testimony of an accomplice and to advise against it unless he is corroborated to some extent.  Where at the conclusion of his charge, the trial judge inquired whether anything had been overlooked and counsel stated that the court had "covered everything" appellant cannot complain that the charge was inadequate with respect to the weight to be given the testimony of an accomplice.

*Criminal law — Arson — Indictment — Ownership of building burned—Act of March 31, 1860, P. L. 415.*

It is not necessary, under the Act of March 31, 1860, P. L. 415, that an indictment charging felonious arson and specifying several buildings shall contain an averment that each of the buildings burned was not the property of the defendant.  The act provides that one who burns, or caused to be burned, "any other building by means whereof a dwelling house shall be burnt" shall be guilty of felonious arson.

*Criminal law—Exemption from prosecution—Act of June 3, 1911, P. L. 658—Investigation by state fire marshal—Testimony.*

One who was asked by the deputy state fire marshal how a fire occurred and who replied that "he didn't know," is not exempt thereby from prosecution on an indictment for arson.  The Act of June 3, 1911, P. L. 658, does not extend immunity from prosecution to a case where no hearing to take testimony was held by the fire marshal, and the person seeking exemption was never sworn and examined, or produced no books, papers or documents.

Argued March 16, 1921.  Appeal, No. 333, Oct. T., 1920, by defendant, from judgment of O. & T. Lehigh County, June Sessions, 1920, No. 32, on a verdict of guilty in the case of Commonwealth of Pennsylvania v. Frank Emmett.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for arson.  Before GROMAN, P. J.

The appellant was charged with having caused a fire to be ignited in a building leased to him and used by him

as a motion picture theatre from which fire was communicated to an adjoining dwelling house. The facts are more fully stated in the opinion of the Superior Court upon a former appeal in the case of Commonwealth v. Emmett and Middlecamp, 74 Pa. Superior Ct. 86.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to grant a continuance, refusal to direct an acquittal, refusal to discharge the defendant, and certain instructions to the jury on weight of the evidence.

*Lawrence H. Rupp,* and with him *Dallas Dillinger, Jr.,* and *Claude T. Reno,* for appellant.—The indictment for arson must charge that the building, which was set on fire was the building of another: 5 Corpus Juris 563, sec. 39.

The constitutionality of an act exempting from prosecution one who has been a witness in another proceeding has been passed on in the cases: Com. v. Gibbons, 9 Pa. Superior Ct. 527; Com. v. Cameron, 42 Pa. Superior Ct. 347; 229 Pa. 592; Kelly's Contested Election, 200 Pa. 430.

*Richard W. Iobst,* District Attorney, and with him *Thomas F. Diefenderfer,* Attorney for State Fire Marshal, for appellee.—Except in clear cases of abuse of discretion refusal of a motion for continuance is not assignable as error: Com. v. Dietrich, 7 Pa. Superior Ct. 515; Com. v. Scouton, 20 Pa. Superior Ct. 503.

A conviction may be had upon the uncorroborated testimony of an accomplice: Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Lenhart, 40 Pa. Superior Ct. 572; Com. v. Klein, 42 Pa. Superior Ct. 66; Com. v. Simon (No. 1), 44 Pa. Superior Ct. 538; Com. v. DeMasi, 234 Pa. 570.

The exemption provided by the Act of June 3, 1911, is only for those who have actually testified or produced evidence for the state fire marshal: Com. v. Braunfeldt, 72 Pa. Superior Ct. 25.

OPINION BY LINN, J., October 7, 1921:

Appellant and another were convicted of arson; he appealed to this court and we were required to sustain his appeal for error in refusing to permit proper cross-examination of witnesses called by the Commonwealth; the decision is reported in 74 Pa. Superior Ct. 86. He has been tried again and another jury has found him guilty. He now complains as follows: (1) of the refusal to continue the trial on account of his wife's illness; (2) of the instructions to the jury concerning the weight to be given to the testimony of an accomplice; (3) of the refusal to direct an acquittal for alleged defect in the indictment in not containing an averment that the Lyceum Theatre building (one of the buildings burned) was not owned by defendant; (4) of the refusal to discharge defendant upon the ground that by informing the deputy state fire marshal that defendant did not know how the fire started, he was exempt from prosecution by section 6 of the Act of June 3, 1911, P. L. 658.

1. We have considered the evidence taken on the motion to continue the trial until the next term on account of the illness of appellant's wife. The trial judge saw and heard the physicians who testified about her condition and her ability to be present; the question is not whether we would reach the same conclusion on the evidence, but whether there is any evidence supporting his conclusion; applying the familiar rule we are not justified in differing from the court below and must therefore overrule the first assignment of error: Com. v. Craig, 19 Pa. Superior Ct. 81, 93; Com. v. Hazlett, 16 Pa. Superior Ct. 534, 539. Moreover, she testified in the first trial and the evidence then given by her was read

to the jury in this trial, and the jury was specially instructed with regard to it.

2. On his appeal from his first conviction, appellant complained that the jury had been erroneously instructed concerning the weight to be given to the testimony of an accomplice. In then declining to sustain that complaint we said, "In the thirty-first assignment complaint is made that the court refused to direct a verdict for the defendants. This was evidently based on the assumption that a conviction should not be had on the uncorroborated testimony of an accomplice. It is the practice of courts to admonish the jury of the danger of a conviction on the testimony of an accomplice and to advise against it unless he is corroborated to some extent, but no case has been brought to our attention in which a verdict has been directed by the court for such a reason. A remedy is open to the accused by a motion for a new trial where there is a conviction in disregard of such instructions. The corroboration should be to the person of the accused and not simply to the fact of the crime. Corroboration in matters not connecting the accused with the offenses would not meet the requirement." It is now suggested that the instructions on this subject were inadequate in the second trial. Among many points of charge presented on behalf of appellant, four relating to this subject were affirmed. At the conclusion of his charge the trial judge asked counsel whether anything had been "overlooked" and counsel for appellant replied that the court had "covered everything" save possibly a phase of character evidence, which was immediately supplied. The brief filed for appellant now suggests that the charge on the weight to be given the evidence of an accomplice was not as comprehensive as the statement just quoted from our former opinion; that the court erroneously referred to the manner in which the accomplice testified and failed to comment upon alleged contradictions in his testimony. It is sufficient now to say that with the general charge, supplemented by the affirmance

of all the points for charge on the subject, and with the statement by appellant's counsel that the court had "covered everything," appellant cannot complain that the charge was inadequate in the respect suggested.

3. We find no reversible defect in the indictment. There was evidence that the Lyceum Theatre was fired, and that the fire spread from it to the dwelling of A. B. Fetherolf, 941 Hamilton Street, and damaged other dwellings belonging to parties named on Trexler Court; part of this evidence was contradicted, but there was enough to go to the jury. The indictment charged that appellant and "Roy W. Middlecamp......feloniously did set fire to, with intent to burn, the Lyceum Theatre building...... by means whereof certain dwelling house of A. B. Fetherolf, located at 941 Hamilton Street, Allentown......was then and there burnt......" The second count similarly charged the burning of "certain dwelling houses of George Leh, John Leh and Sallie L. Koch, located at Nos. 954, 956 and 958 Trexler court ......" Several assignments of error complain that the indictment did not also aver that the Lyceum Theatre was not owned by appellant; that averment was unnecessary; section 137 of the Act of March 31, 1860, P. L. 415 provides that one who burns or causes to be burned "any other building by means whereof a dwelling house shall be burnt" shall be guilty of felonious arson. Those assignments are overruled.

4. The remaining question for discussion appears in the 8th and 9th assignments; the former arises on a motion to discharge defendant, made when the Commonwealth rested; the latter on a motion to arrest the judgment. Both motions state that appellant was summoned to attend an investigation by the deputy state fire marshal into the cause of the fire, and (in the 8th assignment) that appellant "then and there testified and produced testimony in relation to the said fire" and (in the 9th assignment) that "the defendant, as appears by the testimony in the cause, having been summoned to at-

tend......and having been required to submit to an examination in......" was immune from prosecution by section 6 of the Act of June 3, 1911, P. L. 658. The assignments of error neither quote nor refer to any part of the record showing that appellant testified or produced testimony or was required to submit to any examination as stated in the motions. We have examined the record and find no support for the conclusions so stated in the motions. The deputy state fire marshal testified that while investigating the cause of the fire he sent for appellant and asked him "how the fire occurred" and that appellant replied that "he didn't know." No hearing to take testimony was had; appellant was not sworn and examined; he did not testify or produce any books, papers or documents in the sense contemplated by the statute; it does not appear that "he was required to submit to an examination"; nor, if he produced anything, as the assignment states, does it appear what he produced, or the circumstances in which he produced it: Com. v. Braunfeldt, 72 Pa. Superior Ct. 25, 29. These assignments are overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

TREXLER, J., did not participate in the decision of this case.