## Ensell et al. *v.* Atlantic Refining Company, Appellant.

*Negligence—Automobile—Truck—Right angle collision—Priority at intersection—Case for jury—Damages—Excessive verdict.*

In an action of trespass by a husband and wife to recover for personal injuries to the wife and damages to an automobile arising out of a collision with defendant's truck, it appeared that the accident occurred at a right angle street intersection. Plaintiffs' car approached the intersection from the right. The evidence was conflicting as to whether defendant's truck arrived at the intersection so far in advance of plaintiff that under the law, he was entitled to proceed. Under such circumstances the case was for the jury and verdicts for the plaintiffs will be sustained.

Under all the evidence the verdict was not so excessive as to call for interference upon the part of an appellate court. .

Argued October 19, 1927. Appeal No. 312, October T., 1927, by defendant from judgment of M. C., Philadelphia County, October T., 1925, No. 1085, in the case of Rebecca Ensell and Albert Ensell, her husband, in his own right, v. Atlantic Refining Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries and damages to an automobile. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdicts in favor of the plaintiffs in the sum of $800 for the wife and $103.28 for the husband and judgments thereon. Defendant appealed.

*Errors assigned* were the refusal of defendant's motions for judgment non obstante veredicto and for a new trial.

*Harry Reiss Axelroth,* of *Axelroth and Porteous,* for appellant.

*Bryan A. Hermes,* and with him *Nathan Griffith,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

In a right-angle collision at the intersection of the west driveway of the Roosevelt Boulevard with Welsh Road on September 18, 1925, between a Ford sedan and a loaded three-ton truck of the Atlantic Refining Company, the sedan was damaged and Rebecca Ensell, the wife of the owner and driver, Albert Ensell, was injured. The Ford car was traveling toward Philadelphia and Mrs. Ensell and a small child were in the rear seat; the truck was proceeding northwestwardly upon Welsh Road and across the boulevard, in charge of defendant's employe. In an action in the municipal court the husband recovered a verdict of $103.28 for damages to his car and the wife a verdict for $800. This appeal is by the defendant from the judgment entered on the verdict in favor of Rebecca Ensell after its motions for a new trial and for judgment in its favor n. o. v. had been denied. The testimony was conflicting. As the respective drivers approached the intersection each had an unobstructed view of the other for a distance of at least a block. A grass plot in the middle of the boulevard divides

the driveway on the west, provided for vehicles approaching Philadelphia, from the driveway on the east, intended for vehicles leaving the city. Ensell's version of the accident was that he reached the intersection first; that he was driving about twenty miles an hour; that the driver of defendant's truck, approaching from the left, had crossed the east driveway and had slowed down in front of the grass plot to give Ensell the right of way; that when he was about half way over Welsh Road the driver of the truck "stepped on the gas and shot in front" of him; that in an effort to avoid the accident he applied his brakes and tried to turn to the right into Welsh Road but the right side of the truck caught the front part of his car and dragged it along with the truck about thirty feet into Welsh Road. The driver of defendant's truck, after testifying that he was traveling from eight to ten miles per hour and that when he reached the intersection, after passing the grass plot, the Ford car was still approximately one hundred and fifty feet to the northeast, continued: "I kept on going out the Welsh Road and the first thing I felt was a tug in the rear of my car. I turned around, looked out of the car and I seen this Ford just dropping from my right rear wheel." With this conflict in the testimony with respect to whether the driver of defendant's truck arrived at the intersection such a substantial distance in advance of the Ford car that the statutory rule was not applicable (Weber v. Greenebaum, 270 Pa. 382), and with relation to other material facts, the case was clearly for the jury. The first assignment, charging error in dismissing defendant's motion for judgment n. o. v., is accordingly overruled.

The remaining assignment is to the refusal of a new trial. The only ground for a new trial requiring consideration is that the verdict in behalf of the wife

is excessive. Appellant contends that the refusal of
a new trial was such an abuse of discretion by the
court below as to justify a reversal. The injuries
to the wife resulting from the accident were not seri-
ous—they consisted of a bump on her forehead and
what she described as a "brush" bruise on her arm.
She testified that she did not notice the arm particu-
larly on the day of the accident, but added "the next
day it caught me in my whole side and my shoulder";
that for some time after the accident the injury to
the arm interfered with the performance of her house-
hold duties and that she had been in a nervous condi-
tion since the accident. The testimony discloses that
she consulted two physicians, Drs. Erney and Swaine,
shortly after the accident but neither was called as a
witness.

In May, 1926, eight months after the accident, Dr.
Gilpin was called to attend Mrs. Ensell and treated
her until October, 1926, when Dr. Cancelmo was also
consulted. These physicians were called and testified
that during the period they treated Mrs. Ensell she
was suffering from a lung affection. It soon became ap-
parent from their testimony that this condition was
not attributable in any way to the accident and upon
motion of the defendant their testimony was stricken
from the record. The trial judge referring to this
matter in his charge instructed the jury that the testi-
mony of these physicians had been removed by him
from their consideration and was not before them, and
said "you have no right to remember or to consider
anything that those two physicians attempted to tell
you from the witness stand." In its opinion refusing a
new trial the court below said: "We regard the ver-
dict as reasonable compensation to the wife for the
injuries suffered by her." Although this verdict may
be larger than an appellate court, sitting as jurors,
would probably be disposed to render under the evi-

dence (Kaechele v. Traction Company, 15 Pa. Superior Ct. 73), it is not our province to weigh the evidence for the purpose of determining what would be a proper amount. The rule is well stated in Scott, Admx., v. American Express Company, 257 Pa. 25, in this language: "Since the passage of the Act of May 20, 1891, P. L. 101, giving this court power to set aside verdicts deemed to be excessive, we have repeatedly said that the question of the amount of the verdict would be reviewed only in cases where so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside: Quigley v. Penna. R. R. Co., 210 Pa. 162; Reed v. Pittsburgh, Carnegie & Western R. R., 210 Pa. 211; Dunlap v. Pittsburgh, Harmony, Butler and New Castle Ry. Co., 247 Pa. 230." See also Potts v. Guthrie, 282 Pa. 200. We are of opinion that the verdict was not so excessive as to call for interference upon our part.

Judgment affirmed.