Lochetta *v.* Cunningham Cab Co., Inc., Appellant.

Argued October 17, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gaw-throp, Cunningham and Baldrige, JJ.

*M. Randall Marston,* and with him *J. J. K. Caskie,* for appellant.

*Colbert C. McClain,* and with him *William Charles Brown,* for appellee.

Opinion by Keller, J., January 29, 1930:

We are obliged to sustain the fifth and sixth assignments of error and send this case back for another trial, because of the court's instructions to the jury as to which of two motor vehicles approaching a street intersection at right angles has the right of way.

The Act of June 30, 1919, P. L. 678, 695, re-enacted in 1925, P. L. 279, provides, "When two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way." This was construed in Weber v. Greenebaum, 270 Pa. 382, 385, to mean: "That, where the *paths of two approaching vehicles cross* at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to *clear the crossing* and thus, in all probability, avoid a collision."

The court below, in effect, charged the jury that where two automobiles approach the intersection of two streets, that automobile which first arrives at the intersection has the prior right of way across. The effect of the instruction was to direct the jury to find for the plaintiff if they believed he arrived first at the intersection of Morris and Thirteenth Streets; whereas the true rule, based on the construction given the Act of 1919 in Weber v. Greenebaum, supra, is, that the defendant's car approaching the intersection on the plaintiff's right had the right of way unless the plaintiff was so far in advance of the defendant as to afford him reasonable time to clear the crossing, and avoid a collision. The car approaching from the left only has the right of way when it arrives at the intersection so far in advance of the car on its right that a reasonably prudent man would be justified in believing that he could clear the *intersection of the paths of the two vehicles* before the other car arrived there.

Practically the same language used in this case was employed by the learned trial judge in Redmond v. Koons, 97 Pa. Superior Ct. 229, where, although we held the instruction to be inaccurate we did not reverse, because in the circumstances there present, we considered it harmless. In the present case the circumstances are different. According to the plaintiff's own story

when, traveling westward on Morris Street, he arrived at the houseline of Thirteenth Street, the defendant's cab was approaching at his right on Thirteenth Street six or seven houses distant from the corner. Plaintiff went into second gear reducing his speed to five or six miles an hour, and when he got to the curb line, defendant was four or five houses away. That is, while plaintiff was traveling the distance between the house and curb line, defendant had traveled the width of two houses. Plaintiff had to travel nearly across Thirteenth Street before his path and the path of the defendant's cab would intersect. Would a reasonably prudent man be justified in believing that traveling in second gear at the rate of five or six miles an hour, he could clear the intersection before the defendant's cab arrived at the point where their paths crossed? If not, it was his duty to stop and let the car coming from his right have precedence. He could have stopped, he testified, within three or four feet. This was the question of fact for the jury to decide. The instructions of the court would lead the jury to think that the plaintiff had the prior right of passage over the intersection if his car arrived first at the crossing, irrespective of whether he was so far in advance as to afford him reasonable time to clear the crossing ahead of defendant.

The judgment is reversed and a new trial awarded.