Curry *v.* Willson et al., Appellants.

468

Argued September 30, 1930.    Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Louis J. Wiesen,* for appellants.—Deceased was guilty of contributory negligence: Campagna v. Lyles, 298

Pa. 352; Close v. Electric Co., 90 Pa. Superior Ct. 260; Alperdt v. Paige, 292 Pa. 1, 5; Mehlor v. Doyle, 271 Pa. 492; Wescott v. Geiger, 92 Pa. Superior Ct. 80; Robinson v. Berger, 295 Pa. 95; Campagna v. Lyles, 298 Pa. 352; Barnes v. Sowden, 119 Pa. 53.

The medical testimony was incompetent: McCrosson v. Transit Co., 283 Pa. 492; Morgan v. C. & I. Co., 273 Pa. 255; Anderson v. Baxter, 285 Pa. 443; Gausman v. Pearson Co., 284 Pa. 348; Mudano v. Transit Co., 289 Pa. 51; Snyder v. Haas, 18 Pa. C. C. R. 597; Elkins v. Gaff, 2 W. N. C. 586; Keegan v. McCandless, 7 Phila. R. 249; Borland v. St. Clair, 4 Pa. C. C. R. 541; Com. v. Kauffman, 1 Phila. 534; Redmond v. Ins. Co., 7 Phila. 167; Fairmount Park Case, 6 Phila. 285.

*Thos. H. Armstrong,* with him *Benj. Jarrett* and *J. A. Stranahan, Jr.,* for appellee, cited, as to contributory negligence: Campagna v. Lyles, 298 Pa. 352; McNulty v. Joseph Horne Co., 298 Pa. 244; Schlossstein v. Bernstein, 293 Pa. 245; Wagner v. Transit Co., 252 Pa. 354.

As to medical testimony: Albert v. Transit Co., 252 Pa. 527; Kent v. General Chemical Co., 285 Pa. 34; Dewees v. Day, 291 Pa. 379; Jones v. C. & I. Co., 285 Pa. 317; Blasband v. Transit Co., 42 Pa. Superior Ct. 325; Miller v. R. R., 270 Pa. 330; Faiola v. Calderone, 275 Pa. 303; McMinis v. Transit Co., 288 Pa. 377.

As to withdrawal of juror: Com. v. Hazlett, 16 Pa. Superior Ct. 534; DeGrote v. DeGrote, 175 Pa. 50; Com. v. Blakeley, 274 Pa. 100.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

Curry, the plaintiff, was injured about noon on a clear day while driving in a southerly direction on the right-hand side of Case Avenue, a main-traveled thoroughfare in the City of Sharon. He approached a narrower and less-used street, known as Pearl, on a moderate down grade, at approximately 20 miles an hour, reducing his speed at the intersection to 12. At the time, as the jury

justifiably found, he looked both to the right and left, and failed to observe until too late the truck of the defendant driven rapidly by its employer across the avenue to the west. As it reached the middle of the intersecting street the plaintiff endeavored to stop his car, or swing it to the right, but a collision occurred, and the machine of the latter was thrown back to the southwest corner. The view of Pearl Street, from which defendant's motor approached, was in part obstructed, and the purpose of its driver to attempt to pass in front was not comprehended in time to stop. Curry was thrown against a telephone pole, and suffered injuries which ultimately resulted in his death. He brought this action to recover for the damages sustained, and a verdict was rendered in his favor. On September 6, 1928, before disposition of the motion for a new trial and judgment n. o. v., he died, and his personal representative was substituted as a party. The learned court below refused both applications made, entered judgment for the administratrix of the plaintiff, and defendant has appealed.

It is contended that Curry, though approaching the intersection on the right-hand side of the highway, at a moderate rate of speed, should have taken cognizance of the presence of defendant's rapidly-moving truck, and stopped so that it might safely proceed in advance to the west. Under the Act of June 30, 1919, P. L. 678, as reënacted April 27, 1925, P. L. 254, vehicles approaching a crossing from the right have precedence, and it is the duty of the driver approaching from the left to yield, unless he is so far in advance of the other as to afford a reasonable time to clear the crossing and avoid a collision. The car which first reaches the intersection does not necessarily have the right of way, as was true under earlier legislation: Lochetta v. Cunningham Cab Co., 98 Pa. Superior Ct. 4. In this case, the evidence, though conflicting, tended to show it was the plaintiff who first arrived at the crossing, and the jury so found,—a question for its determination: Robinson v. Berger, 295 Pa.

95; Ensell v. Atlantic Refining Co., 92 Pa. Superior Ct. 586; Hood v. Urban, 93 Pa. Superior Ct. 4.

Curry had the technical right of way, a fact observable to the employee of the defendant, who nevertheless attempted to pass in front of him. It is true that a driver, situated as was plaintiff, must nevertheless exercise due prudence, and cannot insist on the right to advance when he sees that a collision will result from so doing, and he is able to stop and prevent the accident: Campagna v. Lyles, 298 Pa. 352. Assuming for the purpose of argument that the truck reached Case Avenue first, the driver was not bound to wait until another car coming at right angles has gone by, if there appeared to be ample opportunity to cross ahead. On the other hand, where the facts indicate that, though first reaching the intersection, he did not have time to pass in front of the motor given by law the right to advance, and attempts to do so, causing injury, liability attaches: Alperdt v. Paige, 292 Pa. 1. The jury was here justified, under the testimony offered, in finding the defendant was negligent, and that Curry did nothing to contribute thereto. No complaint is made as to the statement of facts necessary to be affirmatively proven to show the lack of caution required to sustain the action, and the instruction as to possible contributory negligence was accurate and sufficient.

The court carefully protected the rights of the defendant when it charged in the following words: "The driver of the vehicle having the right of way, however, is not relieved of the legal duty to exercise reasonable care under the circumstances to avoid a collision with another vehicle at such intersection. If he can prevent the collision by stopping, as a reasonably prudent man would do under the same circumstances, and failed to so stop, he would be guilty of such contributory negligence as to prevent the recovery of any damages." Under the evidence, the verdict for the plaintiff was justified and

unless some trial error was committed, as here urged, the judgment should be sustained.

The defendant claims the refusal to strike out the testimony of Doctor Wyant, an expert witness called by the plaintiff, was improper, insisting that the same had no probative value, since, in the opinion of the witness, the "accident might have been the cause [of] or might have aggravated diabetes," and no "exact and definite causation of plaintiff's physical condition" was given, rendering "one of two or more inconsistent inferences possible of adoption." Prior to the accident, Curry was a strong, healthy man weighing 230 pounds. As a result of the collision his arm was broken, the left clavicle dislocated, and a blow on the head resulted in concussion of the brain. His left ear was cut in two, and the steering gear of the car was driven into the region of his stomach with such force as to break the wheel into several parts, bending his breast bone inward. The result was a weakened condition, followed by a return of former physical defects, and causing his weight to drop to 128 pounds from May 23, 1927, until the time of the trial, one year later. A short time previous to the accident, his physician, upon examination, had discovered indication of a diabetic condition, but, as he testified, this had been removed, and at the time of the accident he was in good health.

Medical experts for the defendant testified that the injuries received could have produced his weakened condition, though stating that the disease which finally developed was cancer of the pancreas, producing diabetes. They attributed this cause of Curry's physical condition to the breaking down of the organ mentioned as a result of irritation, and did not deny that the injuries received by plaintiff would aggravate a preëxisting tendency. Doctor Wyant testified that the lowering of his vitality was the cause, or contributing cause, of the condition of plaintiff at the time of the trial, and that in his opinion it was due to diabetic trouble aggravated by the

harm done to the pancreas. An examination of his testimony discloses that he did not ascribe the physical condition to two causes, but to an aggravation of the one which had theretofore existed.

It is true that where an injury may be the result of two causes, for only one of which defendant is liable, the burden is on the plaintiff to individuate the proximate reason of the damage, if there is to be a recovery (Gausman v. Pearson Co., 284 Pa. 348), and it has been said to be necessary that the doctor state that in his professional opinion the result in question came from the one alleged: Fink v. Sheldon Spring & Axle Co., 270 Pa. 476; McCrosson v. P. R. T. Co., 283 Pa. 492. Where, however, the disease alleged results from the injury negligently inflicted by the defendant, it is sufficient to show with reasonable certainty that there "was an unbroken connection in the series of events between the wrongful act and the death without any intermediate cause not attributable to the original wrong": Miller v. Director General of Railroads, 270 Pa. 330.

The conclusion of any expert must follow the logical and natural sequence of events, and is strengthened by what actually happened: Jones v. P. & R. C. & I. Co., 285 Pa. 317. If he testifies that the injury causes an inflammation producing the resulting disease, the question becomes one for the jury: Faiola v. Calderone, 275 Pa. 303; Blasband v. P. R. T. Co., 42 Pa. Superior Ct. 325. It is sufficient if in the opinion of the doctor, irrespective of the manner of stating it (Dewees v. Day, 291 Pa. 379), a causal connection exists, even though he declares that no one could tell positively whether plaintiff might not have been in his present condition if he had not suffered any physical injury: McMinis v. P. R. T. Co., 288 Pa. 377. In the present case, considering the injuries inflicted, Dr. Wyant was of the opinion that the latent disease existing, if any, was aggravated by the negligent act of defendant, and the jury was justified in

so finding. The court properly refused to strike the testimony complained of from the record.

Appellant also urges error in the refusal of the court to withdraw a juror and continue the case because of alleged remarks made in a restaurant during the course of the trial in the presence of one of the jury. At the place mentioned, certain attorneys, not engaged in the litigation, were commenting, during the lunch hour, on the probable size of the verdict in the suit then being heard. When the motion was made, it was not asserted that the juryman had overheard the alleged conversation, which in itself justified the court in refusing the request. Subsequently, on argument for a new trial, an affidavit by Shaw, the juror referred to, was filed with the court,—though not printed by appellant in the record presented here,—in which the positive declaration appears that he had heard no discussion relative to the case in the restaurant, or at any other place, or at any other time, except as presented during the trial in court. Even though the motion to withdraw a juror set forth that the remarks had been understood by the juryman, yet the determination of the propriety of granting a continuance was a matter within the discretion of the court (Com. v. Blakeley, 274 Pa. 100; DeGrote v. De-Grote, 175 Pa. 50; Com. v. Hazlett, 16 Pa. Superior Ct. 534; Com. v. Emmett, 77 Pa. Superior Ct. 396; Com. v. Schwartz, 82 Pa. Superior Ct. 369), to be reversed only in case of abuse: Mix v. North American Co., 209 Pa. 636. The same has been held where newspaper comments have come to the attention of jurors (Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168; Com. v. Grotefend & Haun, 85 Pa. Superior Ct. 7), or improper remarks are made in their presence: Donahue v. Punxsutawney Boro., 298 Pa. 77; Goldberg v. P. R. T. Co., 299 Pa. 79.

We fail to see merit in the refusal to set aside the verdict of $10,000 on the ground of excessiveness. Such complaints will not justify the ordering by this court

of a new trial unless the record discloses such gross injustice as to make this course imperative. The amount here allowed was warranted by the testimony produced, which showed a loss of $560 on account of the automobile, expenses of $1,578.78, and loss from incapacity to perform his usual labor of more than $4,000 to the date of trial, which took place on May 28, 1928. On the 6th of September following plaintiff died. The allowance, under the circumstances, cannot be said to be of such great size as to shock the conscience of the court, in which case alone relief will be granted here: Wilson v. Consolidated Dressed Beef Co., supra; Miller v. Coca Cola Bottling Works, 297 Pa. 41.

The judgment is affirmed.