Paul et al. *v.* Atlantic Refining Co., Appellant.

Argued May 13, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*R. H. Klein* of *Knight, Taggart & Klein,* with him *Robert M. Fortney,* for appellant.—There was neither direct nor opinion evidence sufficient to establish causal connection between accident and ulcer on larynx.

There was no proof of a blow or trauma at the place where the ulcer in the case at bar developed.

It is a well established rule of law in Pennsylvania that while an inference can be drawn from a fact, it cannot be drawn from another inference. This principle is set forth in the following authorities: Gorman v. Brahm's Sons, 298 Pa. 142; Fanning v. Equitable Co., 264 Pa. 333.

Appellant submits that the direct nonexpert testimony was not sufficient of itself to justify the submission to the jury of the injuries to the plaintiff's larynx and further submits that positive expert testimony should have been produced by plaintiff in order to justify the action of the court below.

Opinion evidence is insufficient: Fink v. Axle & Spring Co., 270 Pa. 476; McMinis v. Traction Co., 288 Pa. 377.

The court below erred in arbitrarily fixing $26,000 as reasonable compensation for plaintiff, after finding that the verdict of $31,000 was excessive: Murphy v. R. R., 292 Pa. 213.

*Fred B. Moser,* for appellee.—The testimony on the part of the plaintiff shows that the injury to his voice, and vocal apparatus, was the immediate and direct result of the accident: Grobuskie v. Shipman Kol Co., 80 Pa. Superior Ct. 349; Davis v. Davis, 80 Pa. Superior

Ct. 343; Connor v. Phila. Rapid Transit Co., 98 Pa. Superior Ct. 250; Sullivan v. R. R., 272 Pa. 429; Jones v. Coal & Iron Co., 285 Pa. 317.

The verdict was not excessive: Stauffer v. Reading, 208 Pa. 436; Quigley v. R. R., 210 Pa. 162; Dunlap v. Ry., 247 Pa. 230; Knobeloch v. Ry., 266 Pa. 140; Gail v. Phila., 273 Pa. 275; Fredericks v. Refining Co., 282 Pa. 8; Potts v. Guthrie, 282 Pa. 200; Martin v. Letter, 282 Pa. 286; Dziak v. Swaney, 289 Pa. 246; Gallivan v. Wark Co., 288 Pa. 443.

OPINION BY MR. JUSTICE WALLING, June 27, 1931:

This suit by William E. Paul, the original plaintiff, against the Atlantic Refining Company, defendant, for personal injuries, resulted in a verdict and judgment for plaintiff and the defendant has appealed.

The Reading Company's double track railroad, extending southerly from Williamsport, is crossed at grade by Water Street about a quarter of a mile north of Muncy Station. On the morning of August 24, 1929, as one of defendant's large motor tank trucks was being driven westerly over the tracks at this crossing, by an employee of defendant, it was struck by the engine of a southbound passenger train, causing a terrific explosion and fire of gasoline from which flame, fumes and smoke enveloped the engine and very seriously burned the plaintiff, who was the engineer. The truck carried not only the tank of gasoline but also large cans of oil, which were spilled upon the track and added to the difficulty of stopping the train, which ran some five hundred feet after the collision.

It was broad daylight and the evidence for plaintiff was that the truck was driven upon the crossing without stopping or even slackening its speed of twenty to twenty-five miles an hour and that its driver looked neither to the right nor to the left and drove in front of the engine, when close upon him, although he could have seen it for five hundred feet had he looked; also that the

bell on the engine was ringing and the whistle for this crossing given in addition to the long blast for Muncy Station. Moreover, the blinkers at the crossing indicated the train's approach. Although the truck driver was killed, yet the affirmative evidence supports the finding that the accident was caused by lack of care on his part. This is not seriously controverted.

The appellant's main contention is as to the extent of plaintiff's injuries and alleged trial errors relating thereto. The evidence was that, following the accident, plaintiff's face was black, his eyes swollen shut and his nose so swollen he could breathe only through his mouth, that his lips and tongue were so badly swollen for a time that he could take nourishment only through a straw. The most serious injury alleged, however, was to his throat and vocal organs. Within six weeks after the accident an ulcer had developed upon his larynx so serious as to necessitate the removal of that organ, for which purpose he was removed to Jefferson Hospital, Philadelphia. Following this operation an artificial tube, with an external opening, was inserted in his throat to facilitate breathing.

The physicians who attended plaintiff were called as witnesses and fully described his condition and stated that the ulcer on the larynx might have resulted from the injuries, but expressed no opinion as to whether or not it did, but said that gas fumes would cause ulcers. This would not be sufficient if the question depended solely on expert testimony (Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 206, and cases there cited), but it did not so depend.

At the time of the accident plaintiff was forty-six years of age, in good health with an excellent voice, had been a member of a church choir for twenty years and was a baritone soloist. On the day of the accident his voice became husky and grew worse from day to day until entirely gone at the end of two or three weeks. After which he was never able to speak a loud word. At

the trial, his testimony, given in whispers, was repeated by his wife. Two weeks after the accident ten ulcers had developed on the back of his neck, which the physicians said might have resulted from the burns. Plaintiff rode in his cab for five hundred feet enveloped in flame and fumes, some of which necessarily followed the air breathed into his mouth, nose and throat, by which his tongue and vocal organs were scorched. To the lay mind, this accounts for the huskiness and gradual loss of voice and there was no other cause and no evidence to the contrary. It signified nothing that the victim did not testify positively as to the inhalation of the fumes. The conditions and his injuries proved he must have done so. Under the facts of this case it was for the jury to say what caused the loss of voice and the ulcer of the larynx. Where the disability complained of is the natural result of the injuries a jury may be permitted to so find, even in the absence of expert opinion. See Connor et al. v. Phila. R. T. Co., 98 Pa. Superior Ct. 251; Utzman v. Penna. Rubber Co. et al., 96 Pa. Superior Ct. 463; Davis v. Davis, 80 Pa. Superior Ct. 343; Grobuskie v. Shipman Coal Co., 80 Pa. Superior Ct. 349. The physician's opinion may be strengthened or supplied by what actually happened: Curry v. Wilson et al., 301 Pa. 467; Moseley v. Reading Co., 295 Pa. 342.

The evidence of the attending physicians was competent as indicating the condition and extent of the injuries and could not be stricken out although not expressed in expert opinions.

The rule announced in the case of Mundano v. Phila. Rapid Transit Co., 289 Pa. 51, that a question depending solely on expert evidence cannot be established by the conflicting opinions of plaintiff's two experts, is inapplicable here, for this case did not depend on expert opinion, nor is there any substantial conflict in the testimony of the physicians.

The jury awarded plaintiff $31,000; this the trial court reduced to $26,000, by an alternative order of

otherwise granting a new trial. Considering plaintiff's age, his good health, his earning capacity of $55 a week, the shocking injuries he suffered, the verdict as reduced by the court was not unreasonable, certainly not to an extent that would justify our interference. It is not so grossly excessive as to shock our sense of justice. See Knobeloch v. Pgh., H., B. & N. C. Ry. Co., 266 Pa. 140; Potts et ux. v. Guthrie, 282 Pa. 200; Gail v. Philadelphia, 273 Pa. 275; Dunlap v. Pitts., H., B. & N. C. Ry. Co., 247 Pa. 230; Hitz v. Pittsburgh & B. St. Ry. Co., 245 Pa. 7; Quigley v. Penna. Railroad Co., 210 Pa. 162. It is the primary duty of the trial court to deal with excessive verdicts (which it should not hesitate to do: Hollinger v. York Rys. Co., 225 Pa. 419), and when it has done so, we will be very slow to interfere. See Clark et ux. v. Horowitz et al., 293 Pa. 441.

That plaintiff died subsequent to the rendition of the verdict did not affect the question of damages. See Maher v. Phila. Traction Co., 181 Pa. 391.

Manifestly this was a case for the jury and, in view of the reduction of the verdict, the record discloses nothing to justify, much less to require, the granting of a new trial.

The judgment is affirmed.