## Ward v. Pittsburgh Railways Company, Appellant.

Argued October 6, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.

*Joseph A. Burns,* for appellee.

OPINION BY MR. JUSTICE DREW, December 5, 1938:

Plaintiff sustained serious and permanent injuries, of a very painful nature, as a result of the admitted negligence of defendant. A verdict for $50,000 was returned and this was reduced by the court below to $33,000 by an alternative order of otherwise granting a new trial; after judgment was entered on the verdict as reduced, defendant appealed, claiming that the amount was still grossly excessive.

While this court has undoubted power to modify a judgment and enter such order as it deems proper, it is a duty exercised by the court only when right and justice require it: *Tauber v. Wilkinsburg,* 309 Pa. 331. We much prefer, when a verdict is returned that is so excessive as to shock the sense of justice, that a proper verdict be rendered on another trial: *Milyak v. P. R. T. Co.,* 300 Pa. 457. We realize there are cases, and we think this is one, where no doubt exists as to the conclusion to be reached, in which event a proper dispatch of public business requires that the court act.

Defendant's negligence being admitted, it will not be necessary to develop the circumstances connected with the accident—a collision between two street cars owned and operated by defendant, in one of which plaintiff was a passenger—other than to narrate the damages sus-

tained by plaintiff, as shown by the evidence adduced at the trial.

Considering the testimony in the light most favorable to plaintiff and resolving every reasonable doubt in his favor, it appears that at the time of the accident he was 41 years of age, that he was earning the sum of $114 a month, and, says the court below, he "was in the prime of life, a healthy, vigorous worker, employed as a telegrapher and checker. . . . At the time of trial he appeared as an aged man, showing evidence of severe physical and nervous suffering." As a result of the collision, plaintiff was confined to bed continuously for a period of four months following the accident, during which time he was treated by a physician. He was then removed to a hospital, where an X-ray examination revealed bony injuries to the fourth cervical vertebra and the transverse process of the fifth lumbar vertebra, the cervical vertebra being dislocated in such manner as to cause a sliding forward. At the time of trial, which was almost two years after the accident, these particular injuries had healed, but the accompanying injuries to the soft tissues about these bony structures and to the muscles holding the head still remained, and, in consequence, a nervous condition had developed.

There were five physicians called to testify for plaintiff and all of them, except one, Doctor Mayer, said that plaintiff was permanently disabled, would require medical attention for the remainder of his life, and would never be able to work again. Doctor Mayer, however, testified that plaintiff was suffering principally from a traumatic neurosis as a result of the accident, and, with the aid of hospital or other institutional care for treatment to his nervous system, such might remedy all his ailments. Two doctors called by the defendant were of the opinion that plaintiff is suffering from a nervous condition, and that, under proper treatment, his condition is curable. In determining if the judgment of $33,000 is excessive, we accept as true the testimony that

he was totally and permanently disabled, suffered great pain, and will need medical attention for the rest of his life.

Viewing the facts in the light of the principle laid down in the case of *Thirkell v. Equitable Gas Co.,* 307 Pa. 377, can it be said that the verdict as reduced is still excessive? While we have said that it is the primary duty of the trial court to deal with excessive verdicts and when it has done so, we will be very slow to interfere *(Paul v. Atlantic Refining Co.,* 304 Pa. 360), nevertheless, in order that substantial justice may be done, we are forced to hold that the sum of $33,000, under the facts of the instant case, is so excessive as to require our interference, loath as we are so to do. "The interference in awards by juries is always undertaken by appellate courts with strict and serious regard for the ancient rule that justice is due alike to plaintiff and defendant": *Zimmerman v. Penna. R. R.,* 297 Pa. 390, 393.

Plaintiff being almost 43 years of age at the time of the trial, his life expectancy, according to the average of the Carlisle, Farr and Northampton Tables, would be 24.37 years. Assuming money as producing five per cent net, by Giauque & McClure's "Tables for Ascertaining the Present Value of . . . Damages for Death or Injury by Wrongful Act, Negligence or Default" (4th edition), it appears that the present worth of the sum of $114 per month, earned by plaintiff at the time he was injured, for 24.37 years, is $18,876.47. This amount is subject to modification because of lessened earning ability in the later years of his life. However, to this amount so reduced, must be added (1) the sum of $2,210.28, expended by plaintiff for medical and incidental expenses to the time of trial; (2) the sum of $2,622.00 for loss of wages for twenty-three months between the time of the accident and the trial; (3) a reasonable sum to compensate plaintiff for the pain and suffering which he has already endured and will endure in the future; and

(4) a fair and just amount for treatment, medicines and appliances which plaintiff will require in the future.

After giving all the elements of this case full and careful consideration, we have reached the conclusion that $25,000 will fully and justly compensate plaintiff for all damage and loss sustained, past, present and future, by reason of the negligence of the defendant.

The judgment of the court below is reduced to $25,000, and, as modified, is affirmed.